Roberto CAMARENA, et al.,
Petitioners,

v.

TEXAS EMPLOYMENT COMMISSION,
et al., Respondents.

No. C–5483.

Supreme Court of Texas.

July 6, 1988.

James C. Harrington, (Civil Liberties Union), Hector Uribe, (State Senator), Austin, Juan J. Hinojosa, McAllen, for petitioners.

Jim Mattox, Atty. Gen., Joseph W. Barbish, Jr., Asst. Atty. Gen., Austin, for respondents.

WALLACE, Justice.

Roberto Camarena and other Texas farm workers appeal from the dismissal of their suit challenging the constitutionality of the Texas Unemployment Compensation Act [TUCA], TEX.REV.CIV.STAT.ANN. art. 5221b–1 to 24 (Vernon 1987 & Supp.1988), the denial of attorney's fees and the assessment of costs. 710 S.W.2d 665. In this suit the issues presented are threefold: (1) whether the farm workers' suit is moot due to the Legislature's subsequent amendment of the challenged statute, (2) whether the doctrine of sovereign immunity bars the farm workers from recovery of attor-

ney's fees, and (3) whether costs have been properly assessed. We hold that the suit was not moot, that sovereign immunity does not preclude an award of attorney's fees and that all costs be assessed against the State.

In 1984, farm workers sued the Texas Employment Commission (TEC) seeking to have the agricultural exemption of TUCA declared unconstitutional. The exemption denied unemployment benefits to most agricultural workers. The original suit was severed for trial into two suits: one suit on the claims of individual farm workers; and another suit on behalf of the class. This suit was defended under the provisions of Ch. 104 of the TEX.CIV. PRAC. & REM.CODE (Vernon 1986 & Supp.1988) by the Attorney General.

In January 1985, the trial court granted declaratory relief in the individuals' suit. The court held that the exemption was an unconstitutional violation of the Texas Equal Rights Amendment, TEX. CONST. art. I, § 3a. The court further enjoined officials from enforcing the exemption. The trial court determined the amount of reasonable and necessary attorney's fees incurred by the farm workers, but found the award of such fees to be barred by sovereign immunity.

In May 1985, the Texas Legislature amended TUCA. The amendment provided farm workers with phased-in unemployment coverage. Subsequent to the Legislature's amendment, the trial court modified its judgment and held that the new legislation was constitutional. The court enjoined officials from enforcing anything less than the newly enacted law. In July 1985, the trial court rendered a similar judgment on behalf of the class.

TEC appealed the trial court's ruling, complaining that the judgment was moot. TEC did not contest the trial court's ruling as to the constitutionality of the statute. By way of cross-point, the farm workers asserted trial court error in failing to award attorney's fees. The court of appeals held the trial court's judgment granting declaratory and injunctive relief to be moot, held that attorney's fees were barred

by sovereign immunity and additionally assessed the costs of appeal equally between TEC and the farm workers. From this judgment, the farm workers appeal.

In reference to the issue of mootness, it is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties. *City of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939); *Texas Parks & Wildlife Dept. v. Texas Assoc. of Bass Clubs,* 622 S.W.2d 594 (Tex.App.—Austin 1981, writ ref'd n.r.e.). Generally, a case is determined to be moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed. 353 (1982), citing *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), quoting *Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

Clearly, a controversy exists between the farm workers and TEC. The "live" issue in controversy is whether or not the farm workers have a legally cognizable interest in recovering their attorney's fees and costs. The fact that the Legislature wisely undertook action to bring the farm workers within the scope of TUCA does not moot or void the workers' interest in obtaining attorneys fees and costs for the successful disposition of their claim. Contrary to the court of appeals' suggestion, the attorney's fees issue need not be severed in order to be considered; it is an integral part of the farm workers' claim and as such breathes life into the appeal. Due to the existence of the "live" issue of attorney's fees and costs, we hold that the suit was not moot.

In addition to the declaratory relief granted, the district court granted injunctive relief which enjoined TEC from any future action denying, prejudicing, or detrimentally affecting the benefits and protections afforded the farm workers under House Bill 32. The court of appeals held that the injunction was moot.

It is fundamental that a court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe. *City*

*of Garland v. Louton,* 691 S.W.2d 603 (Tex.1985), citing *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960). At the time of judgment, TEC had not attempted to deny, prejudge or detrimentally affect the benefits conferred by House Bill 32. Consequently, we hold that there was no ripe controversy before the district court which mandated injunctive relief. Accordingly, we vacate the injunction. The trial court granted injunctive relief based on a hypothetical situation which might or might not arise at a later date. District courts, under our Constitution, do not give advice or decide cases upon speculative, hypothetical or contingent situations. *Coalson v. City Council of Victoria,* 610 S.W.2d 744 (Tex.1980).

■ In regard to the second issue presented in this case, the trial court denied attorney's fees to the farm workers on the basis that such an award was barred by sovereign immunity. The court of appeals affirmed. However, the trial court did find that if sovereign immunity did not bar payment, then TEC would be liable for $36,810 in attorney's fees.

The Legislature has expressly provided for payment of judgments against state officials in TEX.CIV.PRAC. & REM.CODE, Ch. 104 as well as for the payment of attorney's fees and costs in suits arising from a State official's or State employee's engagement in a prohibited act. TEX.CIV.PRAC. & REM.CODE § 106.001 (Vernon 1986).

Section 106.001, in pertinent part provides:

§ 106.001. Prohibited Acts

(a) An officer or employee of the state or of a political subdivision of the state who is acting or purporting to act in an official capacity may not, because of a person's race, religion, color, sex, or national origin:

.  .  .  .  .

(4) refuse to permit the person to participate in a program owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

(5) refuse to grant a benefit to the person;

.    .    .    .    .

In the trial court's findings of facts and conclusions of law, it determined that minority agricultural workers were denied TUCA unemployment benefits and found illegal ethnic and racial discrimination in violation of the Texas Equal Rights Amendment, TEX. CONST. art. I, § 3a. The State, through TEC, refused to permit the farm workers to participate in the State operated unemployment compensation program. The freedom to participate in such a program is undeniably a benefit. Accordingly, TEC's actions fell within the ambit of prohibited acts enunciated in subsections (4) and (5) of § 106.001.

The remedies afforded for a violation of § 106.001 are set forth in § 106.002:

§ 106.002   Remedies

(a) If a person has violated or there are reasonable grounds to believe a person is about to violate Section 106.001, the person aggrieved by the violation or threatened violation may sue for preventive relief, including a permanent or temporary injunction, a restraining order, or any other order.

(b) In an action under this section, unless the state is the prevailing party, the court may award the prevailing party reasonable attorney's fees as a part of the costs. The state's liability for costs is the same as that of a private person.

We hold that in compliance with Chapter 106, the farm workers, as prevailing parties, are entitled to attorney's fees and costs. We therefore hold that the lower courts erred in finding that sovereign immunity barred the State from liability and uphold the trial court's finding granting the farm workers $36,810 in attorney's fees.

■ Finally, in reference to costs, the court of appeals ordered that the costs of appeal be taxed equally between TEC and the farm workers and remanded to the trial court for an assessment of the additional costs of the suit. We reverse the judgment of the court of appeals and order that all costs be assessed against the State. TEX. R.CIV.P. 131 provides that the successful party to a suit shall recover all costs incurred. "Taxing of costs against the successful party in the trial court is contrary to Rule 131 of the Texas Rules of Civil Procedure." *Martinez v. Pierce,* 31 Tex. Sup.Ct.J. 359 (April 30, 1988).

We reverse the judgment of the court of appeals. We affirm that part of the trial court's judgment granting declaratory relief but vacate the portion of the judgment granting injunctive relief. We reverse the portion of the trial court's judgment denying the farm workers recovery of attorney's fees and render judgment that the farm workers recover $36,810 in attorney's fees. We reverse the court of appeals' assessment of costs and order that all costs of the suit be assessed against the State.