COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

ROSARIO BELVIS,                                             )                    No. 
08-02-00121-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      168th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                     (TC# 20010D03418)

 

O
P I N I O N

 

Pending
before the Court is Appellant=s
motion to dismiss this appeal as moot. 
We grant the motion and dismiss the appeal.

Rule
42.2(a) of the Texas Rules of Appellate Procedure provides the sole basis for
the voluntary dismissal of criminal cases, stating that:

(a) At any time
before the appellate court=s
decision, the appellate court may dismiss the appeal if the appellant withdraws
his or her notice of appeal.  The
appellant and his or her attorney must sign the written withdrawal and file it
in duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk.

 

Tex.R.App.P. 42.2(a).








Appellant
has not signed the motion to dismiss and we do not understand him to seek
dismissal pursuant to this rule. 
Instead, he urges that the appeal has become moot because a new trial
has been granted subsequent to the filing of the notice of appeal.  Attached to the motion to dismiss is an order
of the trial court granting a new trial as to punishment only.  The court states in the motion that the
parties agreed that an error occurred in the punishment phase of trial.  A trial court, however, does not have
authority to grant a new trial as to punishment only even with the agreement of
the parties.  Pursuant to Rule 21.1, a
new trial is defined as the rehearing of a criminal action after the trial
court has, on the defendant=s
motion, set aside a finding or verdict of guilt.  Tex.R.App.P.
21.1.  Therefore, the trial court=s authority to grant a new trial is
limited to setting aside the guilty verdict and it may not grant a new trial as
to the punishment phase only.  If the
trial court had granted a new trial as to punishment only, it would be a void
order and the appeal would not be moot.  

Appellant,
however, alleges in the body of his motion that after the trial court granted a
new trial, he entered a plea of guilty. 
It appears, then, that the trial court actually granted a new trial as
to the entire case rather than the punishment phase only.  With this understanding of the procedural
facts, we conclude that the appeal is moot. 
Under article V, section 8 of the Texas Constitution, Ajudicial power does not embrace the
giving of advisory opinions.@  General Land Office v. OXY U.S.A., Inc.,
789 S.W.2d 569, 570 (Tex. 1990).  It is
axiomatic that appellate courts do not decide cases in which no case or
controversy exists between the parties.  Camerena
v. Texas Employment Comm=n.,
754 S.W.2d 149, 151 (Tex. 1988). 
Accordingly, we grant Appellant=s
motion and dismiss the appeal.

 

 

September 19, 2002

                                                                         

ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)