NUMBER 13-05-631-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

ROBIN REAMES D/B/A BLACK TIE
ROSES,                    Appellant,

 

                                           v.

 

BNP COMMERCIAL PROPERTIES,
LTD.,                        Appellee.

___________________________________________________________________

 

             On
appeal from the County Court at Law No. 1

                           of Nueces County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

         Before
Chief Justice Valdez and Justices Rodriguez and Garza 

                             Memorandum
Opinion Per Curiam

 

 








Appellant, Robin
Reames d/b/a Black Tie Roses (Reames), filed a notice of appeal with this Court
on October 7, 2005, seeking to overturn a temporary injunction issued in favor
of appellee, BNP Commercial Properties, LTD. (BNP).  The trial court's injunction forbade Reames
from preventing BNP entry to her adjacent property for the limited purpose of
repairing a damaged wall located on the boundary between the two
properties.  The trial court's injunction
order set the case for trial and listed a number of issues to be resolved at a
final trial on the merits.  On October
21, 2005, we denied Reames's motion to enjoin the trial court's order.

BNP has now filed
a motion to dismiss the interlocutory appeal. 
By affidavit BNP has informed this Court that it has now completed
construction on the relevant real property and no longer seeks, nor has any
need to access Reames's property.  As a
result, BNP asserts that this appeal has been rendered moot.  No response to the motion has been filed.








Appellate courts
are prohibited from deciding moot controversies.  See Nat'l Collegiate Athletic Ass'n v.
Jones, 1 S.W.3d 83, 86 (Tex. 1999); Camarena v. Tex. Employment Comm'n,
754 S.W.2d 149, 151 (Tex. 1988).  A case
becomes moot if at any stage there ceases to be an actual controversy between
the parties.  See Camarena, 754
S.W.2d at 151.  When a temporary
injunction becomes inoperative due to a change in status of the parties or the
passage of time, the issue of its validity is also moot.  Jones, 1 S.W.3d at 86; Parr v.
Stockwell, 322 S.W.2d 615, 616 (Tex. 1959) (per curiam); Tex. Educ.
Agency v. Dallas Indep. Sch. Dist., 797 S.W.2d 367, 369 (Tex. App.BAustin 1990, no writ).

The temporary
injunction in this case has become inoperative due to completion of
construction on the damaged wall.  The
work which the trial court permitted to continue under the injunction has been
completed, and BNP no longer has need to access Reames's property.  Thus, there no longer exists an actual
controversy regarding BNP's entry on to Reames's property.

Therefore, the
Court, having considered the documents on file and BNP's motion to dismiss the
appeal, is of the opinion that the motion should be granted.  BNP's motion to dismiss is granted, and the
appeal is hereby dismissed as moot and the cause remanded to the trial court
for further proceedings.                                                                                          

PER CURIAM

 

Memorandum Opinion
delivered and 

filed this 20th day of
April, 2006.

 











[1]As this is a memorandum opinion and
all issues of law presented by this case are well settled and the parties are
familiar with the facts, we will not recite the law and the facts in this
memorandum opinion except as necessary to advise the parties of the Court=s decision and the basic reasons
for it.  See Tex. R. App. P. 47.1, 47.4.