Opinion filed October 11, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed October 11,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00262-CV 

                                                     __________

 

                                    SUNNY
CHAE ET AL, Appellants

                                                             V.

 

                                   KATHRYN
SCHNEIDER, Appellee

 



 

                                         On
Appeal from the 160th District Court

 

                                                          Dallas County, Texas

 

                                                 Trial
Court Cause No. 03-07957

 



 

                                                                   O
P I N I O N

 

The
trial court entered judgment against Sunny Chae in the amount of $588,000 on
December 14, 2004.  Chae filed a notice of restricted appeal on June 10, 2005. 
Kathryn Schneider subsequently filed a Asuggestion
of bankruptcy@ on
November 10, 2005, that advised this court that Chae filed a Chapter 7
bankruptcy proceeding in California on October 16, 2005.  We suspended the
appeal on November 17, 2005, pursuant to Tex.
R. App. P. 8.2.








Chae
has now filed a motion entitled Amotion
to vacate judgment and dismiss cause.@ 
She alleges in the motion that the debt that is the subject of this appeal has
been discharged in the bankruptcy proceeding.[1] 
She asks this court to vacate the trial court=s
judgment and dismiss the cause rather than merely dismissing the appeal.  As
set out below, appellant=s
requested relief is overruled.  We dismiss this appeal for want of
jurisdiction.

Tex. R. App. P. 8 establishes the
procedures to be followed when a bankruptcy proceeding is filed during the
pendency of an appeal.  Rule 8.1 addresses the manner in which the parties are
to advise the appellate court of the filing of the bankruptcy.  Rule 8.2
provides that the filing of the bankruptcy has the effect of suspending the
appeal.  Rule 8.3 addresses procedures for reinstating the appeal if the
parties are permitted to do so under the applicable federal laws.  However,
Rule 8 does not address the procedures to be followed by the litigants and the
appellate court when the debtor=s
potential liability is discharged by bankruptcy court during the pendency of
the appeal.  See Schultz v. Barnes, No. 07-04-00424-CV, 2006 WL 2051390
(Tex. App.CAmarillo
July 24, 2006, no pet.) (mem. op.).

Citing
11 U.S.C. ' 524(a)(1),
(2), the Supreme Court has held that a bankruptcy discharge order releases a
debtor from personal liability with respect to any discharged debt by voiding
any past or future judgments on the debt and by operating as an injunction to
prohibit creditors from attempting to collect or to recover the debt.  Tenn.
Student Assistance Corp. v. Hood, 541 U.S. 440, 447 (2004).  The
application of Section 524 has been restricted to the debtor=s personal liability.  See
Johnson v. Home State Bank, 501 U.S. 78, 83 (1991) (a discharge under
Section 524(a)(1) Aextinguishes
only >the personal
liability of the debtor=@).  As the Fifth Circuit
Court of Appeals recently explained, Aa
bankruptcy discharge eliminates only the debtor=s
personal liability and not the debt itself.@ 
 Stanley v. Trinchard, Nos. 06-30120 & 06-30299, 2007 WL 2669828
(5th Cir. Sept. 13, 2007).

The
court in Schultz addressed a situation similar to the one in this case. 
The court dismissed the appeal for want of jurisdiction based upon its
determination that any judgment it would render 








that determined
the debtor=s personal
liability would be void under federal law.  See Section 524(a)(1).  In
making this determination, the court stated that the appeal was moot and that
it had Ano
jurisdiction to decide a moot controversy.@  
Schultz, 2006 WL 2051390, at *1  (citing Nat=l Collegiate Athletic Ass=n v. Jones, 1 S.W.3d
83, 86 (Tex. 1999)).  We agree with Schultz.  A case becomes moot if at
any stage there ceases to be an actual controversy between the parties, and
appellate courts are prohibited from deciding moot controversies.  Jones,
1 S.W.3d at 86; see Camarena v. Tex. Employment Comm=n, 754 S.W.2d 149, 151
(Tex. 1988).

Irrespective
of the issue of mootness, Tex. Prop.
Code Ann. ' 52.042 (Vernon 2007)
addresses the effect of a bankruptcy discharge on a judgment.  The statute
provides that a judgment is discharged Awithout
further action in any court@
if the debt or obligation evidenced by the judgment is discharged in bankruptcy
(emphasis added).  Accordingly, the statute provides the relief that Chae
essentially seeks from this court.  The statute specifically entitles Chae to
this relief without further action in any court.  In light of the statute=s provisions, Chae=s request to vacate the
trial court judgment and dismiss the entire cause is overruled.  

                                                               This
Court=s Ruling

In
light of the bankruptcy discharge, this appeal is dismissed for want of
jurisdiction.  

 

TERRY McCALL

JUSTICE

October 11, 2007

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]Schneider has not filed a response contesting Chae=s contention that the debt that is the subject of this
appeal was discharged by the bankruptcy court.