**Stevan SCHROEDER and Debra Patrick Schroeder,**
**Appellants**

v.

**RANCHO ESCONDIDO COMMUNITY IMPROVEMENT ASSOCIATION,**
**Appellee.**

**No. 09–07–217CV.**

Court of Appeals of Texas,
Beaumont.

Submitted on Nov. 15, 2007.

Decided Feb. 21, 2008.

Douglas R. Drucker, Drucker, Rutledge & Smith, The Woodlands, and Constance G. Decker, Davis Durham & Haggard, Huntsville, for appellants.

Amy Vanhoose, Marc D. Markel, Roberts Markel Bale, and Clayton R. Hearn, Houston, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Stevan Schroeder and Debra Patrick Schroeder filed a suit for a declaratory judgment that the Rancho Escondido Community Improvement Association cannot impose a requirement of a "Harmonious Sight Line" in addition to the thirty foot building set-back line expressed in the deed restrictions for the Rancho Escondido Subdivision, Section One in Montgomery County. The Schroeders also sought to enjoin the Rancho Escondido Community Improvement Association from amending the deed restrictions to impose new conditions that the Schroeders allege selectively affect them. Holding that no justiciable controversy was presented, the trial court granted summary judgment for the Association. On appeal, the Schroeders contend the case is ripe for adjudication and that the Association should be enjoined from amending the deed restrictions. Because we agree that the specific declaratory judgment sought by the Schroeders is not ripe for adjudication, we affirm the trial court's judgment.

■■■■ Ripeness is a threshold issue that implicates subject matter jurisdiction. *Patterson v. Planned Parenthood of Houston & Southeast Tex., Inc.,* 971 S.W.2d 439, 442 (Tex.1998). In determining whether a controversy is ripe for adjudication, we focus on whether the case involves "uncertain or contingent future events...." *Id.* (quoting 13A CHARLES ALLEN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 3532.1, at 130 (2d ed.1984)). Because the courts of this state are not empowered to give advisory opinions, a case is not ripe "when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.* at 443.

The Schroeders purchased a lakefront lot in Rancho Escondido Subdivision, Section One, on June 26, 2006. The subdivision's restrictive covenants provide for architectural control and prohibit the erection of buildings

> until the construction plans and specifications and a plot plan showing the location of the structures thereon have been approved by the Architectural Control Committee as to harmony with existing structures with respect to exterior design and color[,] with existing structures as to location with respect to topography and finished grade elevation and as to compliance with minimum construction standards. . . .

The building location provisions contained in the use restrictions require the main building to be located at least 30 feet from the rear of the lot.

■ On appeal, the Schroeders contend they are entitled to a declaratory judgment that the existing deed restrictions do not require all newly constructed structures to be harmoniously aligned with other structures. The declaration they sought from the trial court, however, is that *amended restrictions* "that may restrict the placement of their home or landscaping based on any horizontal sight line placement be declared void or unenforceable against the Schroeders as lacking in mutuality of obligation." For relief, the Schroeders asked that the trial court declare that Chapter 201 of the Texas Property Code requires the Association to circulate a petition to approve any amended deed restrictions and that such a petition must allow the Schroeders to exercise the option of being excluded from being burdened by the proposed amended deed restrictions. *See* TEX. PROP.CODE ANN. §§ 201.006, 201.007 (Vernon 2007).[1] We

will not consider on appeal matters that were not before the trial court. The parties disagree on which statute's procedure would apply to the adoption of amended restrictions, but they agree that the Association has not amended the restrictive covenants. *Compare* TEX. PROP.CODE ANN. §§ 201.006, 201.007 *with* TEX. PROP.CODE ANN. §§ 204.005, 204.008 (Vernon 2007). Whether the deed restrictions will be amended is uncertain, as the record does not reflect the imminent adoption of any proposed restrictions.

The purpose of a declaratory action is to establish the existing rights, status, or other legal relations between the parties. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1997). The Schroeders requested a declaratory judgment on the applicable procedures for amending the restrictions. That issue will not be ripe for adjudication unless or until the Association acts to amend the restrictions.

■ The Schroeders also contend that the Association should be enjoined from amending the deed restrictions in a manner which is lacking in mutuality as to all homeowners and that unduly burden the few undeveloped lots to the benefit of the existing owners who did not have to comply with such impediments to the use of their lots. They argue the ripeness doctrine should not apply to a request for an injunction. We disagree. A trial court cannot grant injunctive relief based upon a hypothetical or contingent situation that might or might not arise at a later date. *Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988).

We hold the trial court did not err in ruling that the controversy was not ripe

---

1. The Association contends Section 204.005 would apply to any effort to amend the re- strictive covenants at issue. *See* TEX. PROP. CODE ANN. § 204.005 (Vernon 2007).

for resolution or judicial decision. Finding no error in the judgment, we affirm the judgment of the trial court.

AFFIRMED.