In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-217 CV


____________________



STEVAN SCHROEDER AND DEBRA PATRICK SCHROEDER, 


 Appellants


V.



 RANCHO ESCONDIDO COMMUNITY IMPROVEMENT ASSOCIATION,


 Appellee





On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 06-09-09190-CV






OPINION


 Stevan Schroeder and Debra Patrick Schroeder filed a suit for a declaratory judgment
that the Rancho Escondido Community Improvement Association cannot impose a
requirement of a "Harmonious Sight Line" in addition to the thirty foot building set-back line
expressed in the deed restrictions for the Rancho Escondido Subdivision, Section One in
Montgomery County. The Schroeders also sought to enjoin the Rancho Escondido
Community Improvement Association from amending the deed restrictions to impose new
conditions that the Schroeders allege selectively affect them. Holding that no justiciable
controversy was presented, the trial court granted summary judgment for the Association. 
On appeal, the Schroeders contend the case is ripe for adjudication and that the Association
should be enjoined from amending the deed restrictions. Because we agree that the specific
declaratory judgment sought by the Schroeders is not ripe for adjudication, we affirm the trial
court's judgment.

 Ripeness is a threshold issue that implicates subject matter jurisdiction. Patterson v.
Planned Parenthood of Houston & Southeast Tex., Inc., 971 S.W.2d 439, 442 (Tex. 1998). 
In determining whether a controversy is ripe for adjudication, we focus on whether the case
involves "uncertain or contingent future events. . . ." Id. (quoting 13A Charles Allen
Wright et al., Federal Practice and Procedure, § 3532.1, at 130 (2d ed. 1984)). 
Because the courts of this state are not empowered to give advisory opinions, a case is not
ripe "when its resolution depends on contingent or hypothetical facts, or upon events that
have not yet come to pass." Id. at 443.

 The Schroeders purchased a lakefront lot in Rancho Escondido Subdivision, Section
One, on June 26, 2006. The subdivision's restrictive covenants provide for architectural
control and prohibit the erection of buildings 

 until the construction plans and specifications and a plot plan showing the
location of the structures thereon have been approved by the Architectural
Control Committee as to harmony with existing structures with respect to
exterior design and color[,] with existing structures as to location with respect
to topography and finished grade elevation and as to compliance with
minimum construction standards. . . .

The building location provisions contained in the use restrictions require the main building
to be located at least 30 feet from the rear of the lot.

 On appeal, the Schroeders contend they are entitled to a declaratory judgment that the
existing deed restrictions do not require all newly constructed structures to be harmoniously
aligned with other structures. The declaration they sought from the trial court, however, is
that amended restrictions "that may restrict the placement of their home or landscaping based
on any horizontal sight line placement be declared void or unenforceable against the
Schroeders as lacking in mutuality of obligation." For relief, the Schroeders asked that the
trial court declare that Chapter 201 of the Texas Property Code requires the Association to
circulate a petition to approve any amended deed restrictions and that such a petition must
allow the Schroeders to exercise the option of being excluded from being burdened by the
proposed amended deed restrictions. See Tex. Prop. Code Ann. §§ 201.006, 201.007
(Vernon 2007). (1) We will not consider on appeal matters that were not before the trial court. 
The parties disagree on which statute's procedure would apply to the adoption of amended
restrictions, but they agree that the Association has not amended the restrictive covenants. 
Compare Tex. Prop. Code Ann. §§ 201.006, 201.007 with Tex. Prop. Code Ann.
§§ 204.005, 204.008 (Vernon 2007). Whether the deed restrictions will be amended is
uncertain, as the record does not reflect the imminent adoption of any proposed restrictions.

 The purpose of a declaratory action is to establish the existing rights, status, or other
legal relations between the parties. Bonham State Bank v. Beadle, 907 S.W.2d 465, 467
(Tex. 1995); see Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). The
Schroeders requested a declaratory judgment on the applicable procedures for amending the
restrictions. That issue will not be ripe for adjudication unless or until the Association acts
to amend the restrictions.

 The Schroeders also contend that the Association should be enjoined from amending
the deed restrictions in a manner which is lacking in mutuality as to all homeowners and that
unduly burden the few undeveloped lots to the benefit of the existing owners who did not
have to comply with such impediments to the use of their lots. They argue the ripeness
doctrine should not apply to a request for an injunction. We disagree. A trial court cannot
grant injunctive relief based upon a hypothetical or contingent situation that might or might
not arise at a later date. Camarena v. Tex. Employment Comm'n, 754 S.W.2d 149, 151 (Tex.
1988).

 We hold the trial court did not err in ruling that the controversy was not ripe for
resolution or judicial decision. Finding no error in the judgment, we affirm the judgment of
the trial court.

 AFFIRMED.

 ______________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on November 15, 2007

Opinion Delivered February 21, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.
1. The Association contends Section 204.005 would apply to any effort to amend the
restrictive covenants at issue. See Tex. Prop. Code Ann. § 204.005 (Vernon 2007).