

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-12-00126-CV

ULLJA KUNTZE,

                                           **Appellant**

 v.

MICHELLE HALL, LYDIA MUELL, DEBORAH PIERCE, ELIZABETH WAIT, MATHILDA O'KELLEY, HOLLY MCCONNELL, HEIDI BOND, AMBER AYISHA VAN METER, DARLEEN MICHAEL-BAKER, SANDRA COWAN, KANDICE CORDINGLY-SEEBER, SUE HARMON-KING, TOM KIES, DEBORAH KAUZLARICH, COREY HARPER, TRACI CRABTREE, KALERA STRATTON, JOANNE SOROKA, DESA GILMORE, MELISSA WILLETTE, SALLY MARIE SPITZNAGEL, RENEE CATHERINE WIGGINS, CHRISTINE A. KLEIN, LAURIE WHITNEY, DONNA DARICE FELKNER, BRENDA LEE SCATA, KATHLEEN URATO, LISA LAVELLE NEW, NANCY ROBINSON, AND VIRGINIA HAMPTON-SCHMIDT,

                                          **Appellees**

─────────────

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2010-2279-4**

─────────────────────────────

## MEMORANDUM OPINION

─────────────────────────────

In this appeal, appellant, Ullja Kuntze, challenges eight summary judgments entered by the trial court. Appellant's appeal stems from her June 25, 2010 original

petition in which she asserted various causes of action for tortious interference with existing and prospective contracts and business disparagement against thirty defendants—Michelle Hall, Corri Harper, Lydia Workman Muell, Mathilda O'Kelley, Sandra Cowan, Elizabeth Wait, Deborah Pierce, Holly McConnell, Heidi Kay Bond, Amber Aiysha Van Meter, Darleen Rae Michael-Baker, Kandice Cordingley-Seeber, Sue Harmon-King, Traci Crabtree, Deborah Kauzlarich, Tom Kies, Kalera Stratton, Joanne Soroka, Desa Gilmore, Melissa Willette, Sally Marie Spitznagel, Renee Catherine Wiggins, Christine A. Klein, Laurie Whitney, Donna Darice Felkner, Brenda Lee Scata, Kathleen Urato, Lisa Lavelle New, Nancy Robinson, and Virginia Hampton-Schmidt.

On March 6, 2012, appellant filed a pro se notice of appeal challenging summary judgments granted in favor of sixteen of the thirty originally-named defendants— O'Kelley, Cowan, McConnell, Bond, Van Meter, Michael-Baker, Cordingley-Seeber, Harmon-King, Crabtree, Kauzlarich, Gilmore, Wiggins, Klein, Felkner, Scata, and New. This appeal was docketed and assigned the following appellate cause number:  10-12-00087-CV.

Meanwhile, on April 23, 2012, appellant filed another pro se notice of appeal, challenging the trial court's summary judgments in favor of Muell, Hall, Willette, Wait, Spitznagel, Pierce, Kies, and Soroka.[1]  This appeal was docketed and assigned the following appellate cause number:  10-12-00126-CV.

Later, on May 3, 2012, appellant amended her pro se notice of appeal in appellate

---

[1] At the time Kuntze filed her notices of appeal, it was clear that she wished to challenge the trial court's summary judgments pertaining to twenty-four of the original thirty named defendants, but the status of the remaining six defendants—Robinson, Urato, Whitney, Stratton, Harper, and Hampton-Schmidt—was unclear.  The trial court's May 3, 2012 "Final Judgment" addressed the six remaining defendants.

cause number 10-12-00087-CV to indicate that she wished to appeal a "Final Judgment" entered by the trial court. The "Final Judgment," which was signed by the trial court on May 3, 2012, stated that: (1) appellant's claims against Robinson, Urato, and Whitney were dismissed on March 30, 2011; (2) appellant's claims against Stratton were dismissed on June 16, 2011; (3) appellant's claims against Harper were dismissed on June 28, 2011; (4) appellant's claims against Hampton-Schmidt were dismissed on February 9, 2012; (5) it granted summary judgment in favor of Bond, Cordingley-Seeber, Cowan, Crabtree, Felkner, Gilmore, Kauzlarich, Harmon-King, Klein, McConnell, Michael-Baker, New, O'Kelley, Scata, Van Meter, and Wiggins on February 24, 2012; and (6) it granted summary judgment in favor of Hall, Kies, Muell, Pierce, Soroka, Spitznagel, Wait, and Willette on March 28, 2012. Based on our review, the trial court's May 3, 2012 "Final Judgment" disposed of all parties and claims and, thus, is final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

An appeal may be taken only from a final judgment and certain interlocutory orders identified by statute. *Lehmann*, 39 S.W.3d at 195. There is no presumption of finality for summary-judgment orders. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) (citing *Lehmann*, 39 S.W.3d at 205-06). A trial court's order is not final where the record demonstrates the existence of claims or parties not mentioned in the order. *Lehmann*, 39 S.W.3d at 206.

In this appeal, appellant seeks to challenge only eight of the trial court's summary judgments, and none of those summary judgments dispose of all parties and claims associated with appellant's June 25, 2010 original petition. Because the summary judgments that appellant complains about in this appeal do not dispose of all parties

and claims, we cannot say that these orders are final and appealable. *See Lehmann*, 39 S.W.3d at 195, 206. Furthermore, we note that appellant's appeal in this appellate cause number appears to have been rendered moot by appellant's amending of her notice of appeal in appellate cause number 10-12-00087-CV to challenge the trial court's "Final Judgment," which disposed of all parties and claims. *See Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) ("Generally, a case is determined to be moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L. Ed. 2d 353 (1982) (internal citations omitted))); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (holding that a justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot). Therefore, based on the foregoing, we conclude that we lack jurisdiction over this matter. *See Lehmann*, 39 S.W.3d at 195. Accordingly, we dismiss appellant's appeal in this appellate cause number for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

                AL SCOGGINS
                Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed May 23, 2012
[CV06]