# NO. 12-13-00231-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIKE PATE,* *APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *PAM EDWARDS,* *APPELLEE* | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Mike Pate, superintendent of West Sabine Independent School District (WSISD), brings this interlocutory appeal from the trial court's denial of his plea to the jurisdiction that he filed in former WSISD employee Pam Edwards's declaratory judgment action. Pate contends that the trial court erred in denying his plea to the jurisdiction because Edwards's claims are moot. We reverse and render in part, and affirm in part.

## BACKGROUND

According to Edwards's petition, she signed a "Certified Administrator" contract with WSISD covering the 2008-2009 and 2009-2010 school years.[1] As part of her contract, Edwards agreed that WSISD had the right to assign or reassign her at any time. Edwards was assigned to the principal's position at West Sabine Elementary School (WSES) where she was immediately confronted with several serious issues.

In 2009, WSISD hired Pate as its new superintendent. Edwards and Pate soon clashed. According to Edwards, Pate wanted to replace her with a male. She further contended that Pate utilized an "illegal survey" as part of Edwards's performance evaluation. Pate told Edwards that

---

[1] The only contract in the record covers the 2009-2010 and 2010-2011 school years.

many in the community were adverse to her. Edwards was told that Pate was reassigning her to serve as an assistant principal at another West Sabine campus for the following school year.

Before the end of the 2009-2010 school year, Edwards sued Pate. In her petition, she alleged that Pate, as a state actor, violated several of her Texas constitutional rights.[2] She sought declaratory relief from the court that Pate violated Edwards's rights under the Texas constitution, a temporary restraining order and a temporary injunction preventing Pate from further action or conduct in violation of her rights, and attorney's fees under the Uniform Declaratory Judgments Act. The trial court entered a temporary restraining order in which it enjoined and restrained Pate from (1) taking any action that is disparaging or deleterious to Edwards's career, livelihood, or employment and (2) destroying or failing to preserve any records, data, or documents related to his evaluation of Edwards. The trial court then extended the temporary restraining order until it could preside over a temporary injunction hearing.

At the temporary injunction hearing, the parties agreed that Pate would not destroy any documents or evidence related to Edwards and would not base any decision with regard to Edwards on anonymous surveys. Although the trial court referenced the parties' agreement in its temporary injunction, the trial court's temporary injunction went further than the parties' agreement and enjoined Pate from disparaging or harming Edwards's reputation or career as well.

Three months later, Edwards voluntarily resigned from WSISD to pursue other employment opportunities. Pate accepted Edwards's resignation, and the WSISD school board approved Pate's action.

Pate then filed a plea to the jurisdiction in which he argued that Edwards's claims became moot when she resigned from WSISD. At the hearing on the plea, Edwards argued that her claims were not moot because she may return to work for WSISD in the future. The trial court denied Pate's plea to the jurisdiction and Pate filed this interlocutory appeal.[3]

---

[2] Edwards stated in her petition that her claims against Pate "[do] not arise under any law other than the Texas Constitution."

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West. Supp. 2013) (allowing interlocutory appeal from denial of a plea to the jurisdiction); *see also* **Tex. A&M Univ. Sys. v. Koseoglu**, 233 S.W.3d 835, 844-45 (Tex. 2007) (allowing interlocutory appeal by individual state actor from denial of a plea to the jurisdiction).

## PLEA TO THE JURISDICTION

In his sole issue, Pate asserts that the trial court incorrectly denied his plea to the jurisdiction because Edwards's claims were rendered moot when she left her employment with WSISD.

### Standard of Review

Subject matter jurisdiction is essential to the authority of a trial court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings illustrate incurable defects in jurisdiction, a plea to the jurisdiction is properly granted. *Id*. at 226-27.

### Mootness

A court cannot decide a case that becomes moot during the pendency of the litigation. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). A case is moot if "there has ceased to exist a justiciable controversy between the parties." *Id*. In a declaratory judgment action, a justiciable controversy exists concerning the rights and status of the parties when the controversy will be resolved by the declaration sought. *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). But no justiciable controversy exists if the issues presented are no longer "live" or if the parties lack a legally cognizable interest in the outcome. *Heckman*, 369 S.W.3d at 162.

However, a "live" issue in controversy exists when there is a question about whether a party has a legally cognizable interest in recovering attorney's fees and costs. *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988); *see also Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005) (holding that party's interest in obtaining attorney's fees "breathe[d] life" into appeal of declaratory judgment where underlying claims had become moot).

**Analysis**

Pate contends, and we agree, that Edwards's underlying constitutional claims against Pate became moot when WSISD accepted Edwards's resignation. When Edwards resigned from WSISD, Pate no longer could violate her constitutional rights. In the trial court, Edwards countered Pate's argument with the assertion that a justiciable controversy continued to exist after her resignation because she could return to work for WSISD in the future. However, a court has no authority, even as part of a declaratory judgment action, to resolve a hypothetical or contingent controversy. *Robinson*, 298 S.W.3d at 324. Because Edwards's underlying constitutional claims against Pate were moot, the trial court should have dismissed Edwards's constitutional claims against Pate based on lack of jurisdiction and vacated its previous orders. *See Heckman*, 369 S.W.3d at 162. We sustain Pate's sole issue as to Edwards's underlying constitutional claims.

Next, we must determine whether Edwards's claim for attorney's fees under the Uniform Declaratory Judgments Act is moot. Edwards contends that the trial court could still determine that she is entitled to equitable and just attorney's fees as authorized by the Act. Pate counters that Edwards's inability to proceed with her underlying claims likewise renders her claim for attorney's fees moot. We agree with Edwards.

The Uniform Declaratory Judgments Act authorizes an award of attorney's fees on an equitable basis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). Thus, in a declaratory judgment action, a party need not "substantially prevail" in the litigation to receive attorney's fees. *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637-38 (Tex. 1996). Instead, a trial court may award just and equitable attorney's fees to a nonprevailing party. *Texas A&M Univ.-Kingsville v. Lawson*, 127 S.W.3d 866, 874-75 (Tex. App.—Austin 2004, pet. denied).

Even though Edwards's underlying constitutional claims are moot, her claim for attorney's fees is a separate controversy that persists. *See Camarena*, 754 S.W.2d at 151. Further, Edwards obtained a ruling in her favor before the case was rendered moot. The trial court awarded her a temporary restraining order and a temporary injunction. Because there is a question about whether Edwards has a legally cognizable interest in recovering attorney's fees and costs, her claim for attorney's fees is a live controversy and not moot. *See id*. We overrule Pate's sole issue as to Edwards's claim for attorney's fees.

4

## DISPOSITION

Having sustained Pate's sole issue as to Edwards's constitutional claims, we *reverse* that portion of the trial court's order denying Pate's plea to the jurisdiction as to all constitutional claims. Accordingly, we *render* judgment that Pate's plea to the jurisdiction is granted as to Edwards's constitutional claims and that Edwards's constitutional claims against Pate are *dismissed* as moot. We *vacate* the June 7, 2010 temporary injunction. As to Edwards's attorney's fees claim, we *affirm* the trial court's order denying Pate's plea to the jurisdiction.

**BRIAN HOYLE**
Justice

Opinion delivered January 15, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 15, 2014**

**NO. 12-13-00231-CV**

**MIKE PATE,**
Appellant
V.
**PAM EDWARDS,**
Appellee

Appeal from the 273rd District Court
of Sabine County, Texas (Tr.Ct.No. 12,492)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the order of the court below.

It is ORDERED, ADJUDGED and DECREED by this court that the portion of the trial court's order denying Pate's plea to the jurisdiction as to all constitutional claims be **reversed** and judgment **rendered** that Pate's plea to the jurisdiction is granted as to Edwards's constitutional claims and the constitutional claims are *dismissed* as moot.

It is further ORDERED, ADJUDGED and DECREED that the trial court's June 7, 2010 temporary injunction is **vacated**.

It is further ORDERED, ADJUDGED and DECREED that the portion of the trial court's order denying Pate's plea to the jurisdiction as to attorney's fees is **affirmed**; and that each party bear its own costs of this appeal; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*