**Affirmed in part and Reversed and Rendered in part, and Memorandum Opinion filed October 30, 2025.**



In The

# Fifteenth Court of Appeals

---

## NO. 15-24-00011-CV

---

### CITY OF KYLE, TEXAS, Appellant

### V.

### THE STATE OF TEXAS, EX REL. 1200 S. OLD STAGECOACH ROAD, LLC, Appellee

---

**On Appeal from the 207th District Court
Hays County, Texas
Trial Court Cause No. 22-0873**

---

## MEMORANDUM OPINION

In the quo warranto proceeding underlying this appeal, the State of Texas challenges the City of Kyle's annexation of certain property in Hays County (the Property). The City filed a plea to the jurisdiction based on mootness, which the trial court denied. We conclude that because the Property has been disannexed, the State's claims are now moot, with the exception of its claim for attorney's fees under the Uniform Declaratory Judgments Act (UDJA). Consequently, we affirm

that portion of the trial court's order denying the City's jurisdictional challenge to the State's attorney's-fees claim under the UDJA. As to the remainder of the State's claims, we reverse the trial court's order and render judgment dismissing the claims for want of jurisdiction.

## BACKGROUND

In June 2022, the State filed a petition for leave to file a quo warranto proceeding, and the trial court granted leave the following month. *See* Tex. Civ. Prac. & Rem. Code §§ 66.001-.003. In its suit, the State challenges the validity of City Ordinance No. 1010 (the Annexation Ordinance), which annexed the Property. Specifically, the State seeks declarations that the City failed to comply with various requirements under Chapter 43 of the Local Government Code and that, as a result, the "Annexation Ordinance is void *ab initio*." The State also seeks an injunction to prevent the City from enforcing the Annexation Ordinance on the basis that the City violated the Texas Open Meetings Act (TOMA) when it passed the resolution that led to the Annexation Ordinance. Finally, of significance here, the State also requests recovery of its reasonable and necessary attorney's fees under Chapter 43, the UDJA, and the TOMA. *See* Tex. Local Gov't Code § 43.908; Tex. Civ. Prac. & Rem. Code § 37.009; Tex. Gov't Code § 551.142(b).

In its plea to the jurisdiction, the City asserted that in June 2023, the City disannexed the Property that is the subject of the suit and that, as a result, the parties' dispute was moot. After the trial court denied the plea, the City timely filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal from grant or denial of plea to the jurisdiction filed by governmental entity).

2

## STANDARD OF REVIEW

A case becomes moot when it no longer presents a live controversy or when the parties lack a cognizable interest in the outcome. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). When a case becomes moot during the pendency of the litigation, the court loses jurisdiction because any decision on the merits would constitute an advisory opinion, which is outside of the jurisdiction conferred on courts by the Texas Constitution. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016); *Heckman*, 369 S.W.3d at 162 ("Just as the Texas Constitution bars our courts from deciding a case when the plaintiff lacks standing, similarly, a court cannot decide a case that has become moot during the pendency of the litigation."); *see* Tex. Const. art. II, § 1.

Because the issue of mootness implicates subject-matter jurisdiction, the City properly raised the issue by filing a plea to the jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Texas Dep't of Transp. v. Self*, 690 S.W.3d 12, 19 (Tex. 2024). When a plea to the jurisdiction challenges the pleadings, the court must determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Texas Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *Farmers Texas Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 241 (Tex. 2020). Where, as in this case, the challenged jurisdictional facts do not implicate the merits, and the

evidence relevant to jurisdiction is undisputed, the court resolves the jurisdictional issue as a matter of law. *Miranda*, 133 S.W.3d at 226. Because whether a trial court has subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

## ANALYIS

In its plea to the jurisdiction, and now on appeal, the City contends that the controversy between the parties is moot because the relief sought by the State, even if granted, would no longer have any effect on the parties as it relates to the Annexation Ordinance. In support of its plea, the City presented evidence showing that approximately one year after the State filed its suit against the City, the City passed and approved Ordinance No. 1268, which expressly repealed the Annexation Ordinance and disannexed the Property. In response, the State does not dispute that the Annexation Ordinance was repealed. Instead, the State argues that despite the repeal and resulting disannexation, substantive legal issues remain as to whether the Annexation Ordinance was void from the outset because the City violated Chapter 43 and TOMA during the annexation process. The State asserts that these outstanding issues constitute a live controversy that prevents its claims from being moot. We disagree.

The declarative and injunctive relief sought by the State is aimed at invalidating and thereby avoiding the effects of the Annexation Ordinance. Because the Annexation Ordinance that is the subject of the State's complaint has been revoked, and the State does not seek damages, it no longer has a cognizable interest in the outcome of its requested relief. That is, whether revoked or invalidated, the Annexation Ordinance is no longer of any legal effect as it relates

4

to the Property. Consequently, if the court were to decide the legal issues that the State identifies as "controversies," the court's decisions on these issues would constitute impermissible advisory opinions. We conclude that the State's claims for declaratory and injunctive relief were rendered moot by the passage of Ordinance No. 1268.

In the alternative, the State argues that a live controversy still exists as to whether the State is entitled to attorney's fees. "A case is not rendered moot simply because some of the issues become moot[.]" *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). If only some claims or issues become moot, the case remains live as to other claims or issues that are not moot. *Harper*, 562 S.W.3d at 6. In some circumstances, a dispute over attorney's fees can present a live controversy that prevents a case from becoming moot. *Id.* (citing *Camarena v. Texas Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988); *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005)). Whether a claim for attorney's fees presents a live controversy and thus "breathes life into an otherwise moot appeal" depends first on whether the claimant seeks fees under a statute that authorizes an award of fees only to a prevailing party or, alternatively, under a statute that permits an award based on equity, regardless of who prevails. *Harper*, 562 S.W.3d at 7.

Here, the State seeks to recover attorney's fees under Chapter 43, the TOMA, and the UDJA. Both Chapter 43 and the TOMA allow a court to award reasonable and necessary attorney's fees to the prevailing party.[1] Tex. Local Gov't

---

[1] Section 43.908 of the Local Government Code provides that "[t]his chapter may be enforced only through mandamus or declaratory or injunctive relief"; "[a] political subdivision's immunity from suit is waived in regard to an action under this chapter"; and "[a] court may award court costs and reasonable and necessary attorney's fees to the prevailing party in an action under this chapter." Tex. Local Gov't Code § 43.908.

Section 551.142(b) of the Government Code provides that "[t]he court may assess costs

Code § 43.908; Tex. Gov't Code § 551.142(b). When a party seeks attorney's fees under a prevailing-party statute, the determination of whether the attorney's-fees claim is moot turns on whether the party prevailed before the underlying substantive claim became moot. *Harper*, 562 S.W.3d at 7. All of the State's substantive claims became moot before it could prevail, and thus it can never be entitled to attorney's fees as a prevailing party. Any claims to attorney's fees by the State under Chapter 43 and the TOMA are moot.

In contrast, under the UDJA, the trial court has discretion to award "equitable and just" attorney's fees.[2] Tex. Civ. Prac. & Rem. Code § 37.009. Because a claim for attorney's fees under the UDJA does not require party to prevail on its substantive claim, the claim for fees presents a live controversy, even when the case is otherwise moot.[3] *Harper*, 562 S.W.3d at 7 ("If the statute allows

---

of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails in an action under Subsection (a)." Tex. Gov't Code § 551.142(b). Subsection (a) authorizes mandamus or injunctive relief "to stop, prevent, or reverse a violation or threatened violation of [TOMA] by members of a governmental body." *Id.* § 551.142(a).

[2] Section 37.009 of the UDJA provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009

[3] In its reply brief, the City contends that the State's claim for attorney's fees under the UDJA does not "breathe[] new life" into this case because the underlying UDJA claim is merely a duplication of its request for injunctive relief under Chapter 43. *See Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011) ("[A]n award of attorney's fees under the [UDJA] is unavailable if the claim for declaratory relief is merely incidental to other claims for relief."); *MBM Fin. Corp. v. Woodlands Oper. Co.*, 292 S.W.3d 660, 669 (Tex. 2009) (concluding that breach-of-contract claimant could not recover attorney's fees by repleading contract claim as a claim under UDJA). In other words, the City argues that not only is the State's underlying substantive UDJA claim moot, but that, even if it were not, the claim is entirely improper and therefore the UDJA cannot serve as a basis for the recovery of attorney's fees in this case.

This argument goes to the issue of whether the State is entitled to recover the requested attorney's fees and not of whether the trial court has jurisdiction to award them. Because this is an interlocutory appeal from the denial of a plea to the jurisdiction, our appellate jurisdiction is limited to issues of subject-matter jurisdiction. *Brazoria Civic Club v. Brazoria Cnty. Appraisal Dist.*, 694 S.W.3d 854, 867 (Tex. App.—Houston [14th Dist.] 2024, no pet.); *see also* Tex. Civ.

a non-prevailing party to recover fees under equitable principles, the claim for fees always breathes life into a case that has otherwise become moot, because the trial court must always consider the relative merits of the parties' positions (among other factors) when exercising its discretion to award fees to either party."); *see also Mann v. Sikh National Center, Inc.*, __ S.W.3d__, 2025 WL 2087795, at *3 (July 25, 2025) (Young, J., concurring) (explaining that litigation over jurisdictional issues in UDJA context may support equitable award of attorney's fees). As a result, the State's claim for attorney's fees under the UDJA constitutes a live controversy, and the trial court did not err in denying the City's plea to the jurisdiction on this claim.[4]

## CONCLUSION

We affirm the trial court's denial of the City's plea to the jurisdiction as to the State's claim for attorney's fees under the UDJA.[5] Because the remainder of

---

Prac. & Rem. Code § 51.014(a)(8). Therefore, we will not decide this issue.

[4] Although the City does not directly assert that the State's UDJA attorney's-fees claim is barred by immunity, we note that the UDJA requires that the relevant governmental entities be made parties to suits challenging the validity of ordinances or statutes and thereby waives governmental immunity, including for awards of attorney's fees under Section 37.009. *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ("We conclude that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney's fees, the [UDJA] necessarily waives governmental immunity for such awards."); *see also Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697-698 (Tex. 2003) ("[I]f the Legislature requires that the State be joined in a lawsuit for which immunity would otherwise attach, the Legislature has intentionally waived the State's sovereign immunity.").

[5] Before the State filed its quo warranto proceeding, the owner of the Property, 1200 S. Old Stagecoach Road LLC, filed its own suit to challenge the Annexation Ordinance. *City of Kyle v. 1200 S. Old Stagecoach Road, LLC*, No. 03-21-00506-CV, 2023 WL 4534967, at *1 (Tex. App.—Austin July 14, 2023, no pet.) (mem. op.). On appeal, the Third Court of Appeals granted in part the City's motion to dismiss the appeal on the ground that the case had become moot when the City repealed the Annexation Ordinance. *Id.* The appellate court declined to address whether the appellee's requests for attorney's fees were moot and instead remanded the attorney's-fees claim to the trial court. *Id.*

the State's claims are moot, including its substantive claims for declaratory and injunctive relief, we conclude that the trial court erred in denying the City's plea as to those claims. Consequently, we reverse the trial court's order as to those claims and render judgment that the State's claims, except for its UDJA attorney's-fees claim, are dismissed for want of jurisdiction.


/s/ Scott K. Field

Scott K. Field
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.