**DeLisa SEALS, Andrea Herring, Daphne Rabon–James, and Simmeana Westbrook, Appellants**

v.

**CITY OF DALLAS, Appellee.**

**No. 05–06–01355–CV.**

Court of Appeals of Texas, Dallas.

March 26, 2008.

Thomas B. Cowart, Turley Law Firm, and William J. Dunleavy, Law Offices of William J. Dunleavy, P.C., Dallas, TX, for Appellant.

Ayeh B. Powers, Office of the City Attorney, and Janice Smith Moss, City Attorney's Office, Dallas, TX, for Appellee.

Before Justices O'NEILL, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

DeLisa Seals, Andrea Herring, Daphne Rabon–James, and Simmeana Westbrook, employees in appellee City of Dallas's Fire–Rescue Department, appeal the trial court's order granting appellee's plea to the jurisdiction. In nine issues, appellants contend the trial court has subject matter jurisdiction, Seals and Westbrook have standing to sue, and the trial court should have afforded them the opportunity to amend their pleadings before dismissing the case. We affirm.

In their suit, appellants alleged former Fire Chief Steve Abraira violated appel-

lee's charter, civil service rules, and the fire department's general procedures manual, when he transferred five firefighters from the department's Emergency Operations Division (EO) into the Fire Prevention Education and Inspection Division (FPEI) where appellants work. Appellants contended the transferred firefighters did not meet the minimum qualifications for such a transfer outlined in the department's manual of procedures:

a) Firefighters must have a minimum of 60–semester hours of college (C-average or better) to be eligible for assignment [to FPEI]. Exceptions are:

(1) Firefighters hired prior to the 60–hour college requirement for [FPEI].

(2) Medical reasons that preclude Emergency Operations duty.

b) Members transferring to [FPEI], regardless of background, must successfully complete the Civil Service Examination for Trainee Fire Prevention Officer and Fire Prevention Education and Inspection recruit training.

c) Regardless of current rank, no Emergency Operations personnel will be permitted to transfer to [FPEI] at a rank higher than Trainee Fire Prevention Officer, except Chief Officers.

Appellants' lawsuit alleged that appellee allowed fire department employees, who were not chief officers, to transfer from emergency operations into FPEI without passing the civil service examination and at ranks higher than trainee fire prevention officer. Appellants further alleged the fire department allowed trainee and probationary fire prevention officers to sit for the senior fire prevention officer examination without first acquiring the mandatory three years of experience. Deposition testimony and documents admitted into evidence show the five firefighters were transferred into FPEI as fire prevention officers. The transferees were not required to serve as trainee fire prevention officers or apprentice fire prevention officers. None of the transferees were required to sit for a new civil service examination, and appellee's designated representatives were unable to say whether the transferees had any college credits. Four of the transferees were later promoted to senior fire prevention officer.

At the time this case was filed, appellants Westbrook and Herring were senior fire prevention officers while Rabon–James and Seals were fire prevention officers awaiting promotion to senior fire prevention officer. Appellants alleged the "illegal" transfers breached their employment contracts with appellee. Appellants contended the transfers harmed them and would continue to harm them because the transferred employees compete with them for promotions. In addition to monetary damages, appellants sought declaratory and injunctive relief requiring appellee to follow its transfer and promotion rules.

After appellants filed suit, appellee filed a plea to the jurisdiction raising governmental immunity, the lack of a contract with appellants, the plea for money damages in a declaratory judgment action, and Seals and Westbrook's standing to bring their claims. Appellee further alleged that the Dallas City Charter grants the fire chief exclusive control over the transfer of fire department employees and the authority to promulgate rules regulating and disciplining the department's employees. Appellee pointed to language in the charter authorizing the Chief to implement and modify the Manual of Procedures as the Chief deems necessary. Appellee interpreted this language as granting Abraira the discretion to allow the allegedly disabled firefighters to transfer into FPEI without losing salary or seniority.

Appellee also filed an answer specially excepting to appellants' alleged failure to plead a valid waiver of governmental immunity, the lack of specificity in their pleadings regarding when the alleged violations occurred, and invoking the affirmative defense of governmental immunity. The trial court granted the special exception regarding the failure to allege a waiver of immunity.

In responding to the plea to the jurisdiction, appellants contended their employment with appellee was contractual, constituted a property interest, and appellee's governmental immunity was waived. Appellants asserted appellee had no governmental immunity on their claim for declaratory judgment because they sought a declaration of their rights and were not seeking to control state action. Appellants contended they had standing to sue because they must compete with unqualified co-workers for future promotions.

After the trial court granted special exceptions, appellants filed two amended petitions. Appellee responded with supplemental pleas to the jurisdiction asserting appellants had failed again to plead a waiver of governmental immunity. On the day of the hearing on appellee's plea to the jurisdiction, appellants filed a third amended petition expanding on their breach of contract and declaratory relief claims, and adding an additional claim for injunctive relief. On the authority of *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), the trial court granted appellee's plea to the jurisdiction and dismissed appellants' suit with prejudice. After the trial court denied their motion for new trial, appellants filed this appeal.

■ Before considering the merits of the appeal, we first consider appellee's motion to dismiss as moot a portion of the appeal. Accompanying appellee's motion to dismiss is the affidavit of an assistant fire chief who avers that three of the appellants—Seals, Rabon–James, and Westbrook—have received promotions since the inception of the litigation. Seals and Rabon–James have been promoted to senior fire prevention officer while Westbrook has been promoted to lieutenant. Appellee contends the promotions, coupled with appellee's immunity from claims for damages, moots the appeal as to the three promoted appellants. Appellants urge us to deny the motion because the affidavit is not part of the appellate record, the promotions garnered do not resolve issues regarding future promotions, and appellee's immunity from a damages claim is a disputed issue in the appeal.

■ A case is moot if there are no live controversies between the parties and any decision rendered by the court would be an advisory opinion. *Camarena v. Tex. Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988). An issue is moot if either a party seeks a judgment on a controversy that does not really exist or a party seeks a judgment which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy. *Young v. Young,* 168 S.W.3d 276, 287 (Tex. App.-Dallas 2005, no pet.). We agree with appellee that the affidavit is cognizable for purposes of determining whether the appeal is moot. An appellate court may entertain affidavits, as necessary, to ascertain the facts necessary for the proper exercise of its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.220(c) (Vernon 2004); TEX. R.APP. P. 10.2(a); *Woodland v. Wisdom,* 975 S.W.2d 712, 716 (Tex.App.-Texarkana 1998, no pet.) (court may consider affidavits regarding matters outside record if matters bear on whether appeal is moot). Having considered the affidavits, however, we conclude the appeal is not moot. Appellants' complaint is that they must compete with improperly transferred employ-

ees for promotions. The fire department's promotions ladder does not end with either senior fire prevention officer or lieutenant. The judgment appellants seek would affect their prospects for promotion and, therefore, would have a practical effect upon a controversy between the parties. Accordingly, we deny appellee's motion to dismiss.

We note, however, that appellee's motion to dismiss, and its attached affidavit, does moot one issue on appeal. In their eighth issue, appellants contend Seals and Westbrook have standing to bring suit against appellee because they will suffer future harm as a result of competing with the transferred employees. In the plea to the jurisdiction, appellee contended Seals and Westbrook lacked standing to sue because Seals was not yet qualified to become a senior fire prevention officer and Westbrook was recently promoted to that position and, therefore, not harmed. The trial court's order granting the plea to the jurisdiction does not address the standing issue and does not necessarily reflect any trial court determination that Seals and Westbrook lacked standing. Because of her promotion, we conclude the issue of Seals's qualification to become a senior fire prevention officer is now moot. In light of our ruling on appellee's motion to dismiss, we conclude any further discussion of Westbrook's standing, as a result of her promotion to either senior fire prevention officer or lieutenant, is now moot. We dismiss as moot appellants' eighth issue.

In their first and second issues, appellants contend they alleged sufficient facts in their pleadings to show appellee waived governmental immunity by entering into an employment contract with them. Alternatively, appellants contend appellee failed to disprove the existence of a contract. A plea to the jurisdiction grounded on sovereign immunity challenges the trial court's subject matter jurisdiction. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). In our de novo review, we first determine whether the plaintiffs' petition, construed liberally and looking to the pleader's intent, pleads facts affirmatively demonstrating that jurisdiction exists. *Id.* at 642–43. In some instances, we must consider evidence pertaining to the jurisdictional facts. *Id.* at 643. We grant the plea to the jurisdiction if relevant, undisputed evidence negates jurisdiction but deny it if there is a fact issue as to the trial court's jurisdiction. *Id.* If the pleadings do not show jurisdiction, but do not affirmatively reveal an incurable defect, the trial court should allow the plaintiffs an opportunity to replead. *Id.*

 Appellee grounds its plea to the jurisdiction on an assertion of governmental immunity. Governmental immunity is the form of sovereign immunity that protects cities, as political subdivisions of the State, from lawsuits and liability. *Bell v. City of Grand Prairie,* 221 S.W.3d 317, 321 (Tex.App.-Dallas 2007, no pet.) (op. on reh'g). Governmental immunity may be waived by clear, unambiguous legislature enactment or by governmental entities themselves through certain actions such as bringing claims for affirmative relief in litigation. *Reata Const. Corp. v. City of Dallas,* 197 S.W.3d 371, 375 (Tex.2006).

In the trial court, appellants alleged appellee's governmental immunity was waived by section 51.075 of the local government code, permitting municipalities to "plead and be impleaded in any court," and by appellee's city charter, permitting it to "sue and be sued" and "to implead and be impleaded in all courts." *See* Tex. Local Gov't Code Ann. § 51.075 (Vernon 1999); Dallas, Tex., Charter ch. II, § 1(2), (3) (2006). On the day after the hearing on the plea to the jurisdiction, the Texas Supreme Court issued a pair of decisions

expressly rejecting appellants' waiver contentions. *See Tooke,* 197 S.W.3d at 328–29; *Reata,* 197 S.W.3d at 378.

Despite the blow dealt their case by *Tooke* and *Reata,* appellants contend on appeal that their third amended petition states other undisputed facts sufficient to show a waiver of governmental immunity and invoke the trial court's jurisdiction under the authority of local government code section 271.152. Under section 271.152, local governments that enter into contracts waive sovereign immunity to suit for breach of the contracts. TEX. LOCAL GOV'T CODE ANN. § 271.152 (Vernon 2005). In this case, a waiver under section 271.152 would require "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *See id.* § 271.151(2).

Appellee contends appellants should not be allowed to raise their section 271.152 jurisdictional claim for the first time on appeal. Appellants contend the issue was before the trial court because appellee raised, and argued against, application of section 271.152. Assuming, *arguendo,* that appellants can raise the issue, we conclude it has no merit.

Appellants contend the trial court erred in granting the plea because appellee failed to plead and prove it had no contract with appellants. Appellants point out that their pleadings asserted that the civil service rules and fire department procedures at issue create an employment contract between appellee and its employees. Appellants contend appellee failed to expressly deny their allegation of the existence of a contract and failed to present sufficient evidence that a contract did not exist. We disagree.

Appellee's plea to the jurisdiction expressly states, "there is no employment contract between [appellee] and Plaintiffs." Appellee characterized the relationship between appellants and itself, correctly in our judgment, as one of employment at-will. Appellee attached to its plea documents showing the nature of the parties' relationship. Additional documents were admitted into evidence during the hearing on the plea. Appellee's answer expressly invokes the defense of governmental immunity. Appellee's pleadings affirmatively deny that it has waived governmental immunity and specially excepts to appellants' failure to allege a waiver of governmental immunity. We conclude the pleading and proof was adequate.

■■■ Turning to the substance of the issue, although appellants have no formal employment contract with appellee, they contend that this Court implicitly recognized in *City of Dallas v. Albert* that appellee's ordinances and rules governing the terms of employment within the fire department create a contract of employment between it and fire department employees. We disagree.

In *Albert,* Dallas firefighters brought suit, on theories including breach of contract, to recover wages allegedly due them because the City allegedly violated a municipal ordinance requiring it to maintain a percentage pay differential between various grades of firefighters. *See City of Dallas v. Albert,* 214 S.W.3d 631, 633 (Tex. App.-Dallas 2006, pet. filed) (op. on reh'g). Because section 271.151 et seq. was enacted during the pendency of the *Albert* appeal, we remanded the case "to allow [the firefighters] the opportunity to argue that the legislature has waived the City's immunity from suit by these new statutory provisions." *Id.* at 636–37. Allowing the firefighters in *Albert* to argue that their contract falls under section 271.151 et seq. is not an endorsement of their position.

■ Furthermore, the documentary jurisdictional evidence in the record does not support appellants' contention. The record includes material excerpts from the fire department's manual of procedures, the City Charter, civil service rules, and personnel rules. Appellants can point to nothing in the excerpts that shows appellants' employment is anything other than the traditional "at-will" employment favored in Texas. *See Byars v. City of Austin,* 910 S.W.2d 520, 522–24 (Tex.App.-Austin 1995, writ denied) (statements in city charter and personnel policies manual setting up grievance procedure did not create express contract modifying at-will public employment). In an employment-at-will situation, written policies and personnel procedure manuals are not considered contractual absent express language clearly indicating contractual intent. *See Williams v. First Tenn. Nat'l Corp.,* 97 S.W.3d 798, 803 (Tex.App.-Dallas 2003, no pet.). In this case, Rule 34–1 of appellee's personnel rules expressly disavows the creation of an employment contract: "Nothing in this chapter conveys a contract of employment with the City of Dallas. Nothing in this chapter conveys a private cause of action to any employee." We conclude appellants have failed to show a clear and unambiguous contractual waiver of appellee's governmental immunity. *See Byars,* 910 S.W.2d at 523–24. Accordingly, we overrule appellants's first and second issues.[1]

In their third and fourth issues, appellants contend the trial court erred in granting appellee's plea to the jurisdiction against their claims for declaratory judgment. Appellants contend their declaratory judgment pleadings did not seek money damages and the declaratory relief they sought did not impinge upon the discretionary acts of appellee's officials.

Appellee responds that appellants merely recast their breach of contract claim as a claim for declaratory relief to work around its immunity. Appellee points to appellants' contentions that they have suffered and will suffer damages and their request for monetary damages in their prayer as evidence that they are really seeking monetary damages prohibited in a claim for declaratory relief. We agree with appellee.

■ The Uniform Declaratory Judgments Act permits one to file a lawsuit to determine "any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon Supp.2007). For the declaratory relief to be effective, all persons who have or claim any interest that would be affected must be made parties. *Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994). Governmental immunity does not bar a declaratory judgment action unless the plaintiff seeks a declaration of the government's liability for money damages. *Bell,* 221 S.W.3d at 324–25. A party cannot use the declaratory judgment act to circumvent sovereign immunity by characterizing a suit for money damages, such as a contract dispute, as a declaratory judgment action. *City of Houston v. Williams,* 216 S.W.3d 827, 828–29 (Tex.2007). Declaratory judgment actions seeking to establish a contract's validity, enforce performance under a disputed contract, or impose contractual liabili-

---

1. In their first and third issues, appellants also contend that the trial court should have afforded them the opportunity to replead their case rather than proceeding to dismissal. Because the repleading complaint is the subject of their ninth issue, we will address those aspects of issues one and three in our review of the ninth issue.

ties are unenforceable as efforts to control state action. *Tex. Natural Resource Conserv. Comm'n v. IT–Davy*, 74 S.W.3d 849, 855–56 (Tex.2002).

 In the declaratory judgment section of their third amended petition, appellants asked the trial court to issue declarations requiring the City to comply with extensively quoted regulations, civil service rules, and fire department general procedures regarding promotions and transfers, especially those regulations regarding the minimum qualifications that emergency operations personnel must meet to transfer into the FPEI Division. Appellants also asked the trial court to declare both that Abraira lacked authority to violate the transfer regulations, and that no City employee, including Abraira, was authorized to violate the civil service rules. In their prayer, appellants asked for "the declarations requested and that the [trial court] enter judgment against [appellee] for their actual damages, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest, costs of suit, such other relief, including equitable relief to compel the conduct requested, to which [appellants] may be justly entitled."

Appellants contend *Bell* is "virtually indistinguishable" on the declaratory and injunctive relief issues and "the outcome should be the same." In *Bell*, firefighters sued the City for allegedly placing them on a lower salary step than their seniority would warrant. *See Bell*, 221 S.W.3d at 320. The firefighters sought declaratory and injunctive relief, monetary damages, attorney's fees, and interest. *See id.* The trial court granted the City's plea to the jurisdiction based on governmental immunity and dismissed the case. *See id.* On appeal, we concluded governmental immunity barred the firefighters' claims for past compensation, but they could seek injunc-

tive relief requiring the City to pay them correctly in the future. *See id.* at 326.

In *Bell*, an immediate and ongoing dispute existed regarding whether the firefighters were being paid correctly. In contrast, there is no immediate, concrete dispute between our parties beyond appellants' assertions that they must "compete" with the transferees. Appellants do not seek to invalidate the existing transfers and the transferees are not parties. Because appellants received their deserved promotions, any declarations the trial court awards at this late date could only affect possible future promotions. The declaratory judgments act does not empower the trial court to make declarations on hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, even though the questions may require adjudication in the future. *OHBA Corp. v. City of Carrollton*, 203 S.W.3d 1, 6 (Tex.App.-Dallas 2006, pet. denied).

Having asserted that appellee's various rules and regulations constitute a contract between the parties, appellants' requested declarations are directed toward enforcement and compliance with their alleged contract. Five of the declarations, couched in language stating appellee must follow, require, or comply, seek to control state action. *See IT–Davy*, 74 S.W.3d at 855–56. The others seek declarations regarding the acts of a non-party, Abraira, who is no longer serving in the fire department. None of the requested declarations declare appellants' rights, status, or other legal relations regarding their positions or future promotions versus the transferees. Accordingly, we overrule appellants' third and fourth issues.

In their fifth, sixth, and seventh issues, appellants contend they enjoy a constitutionally protected property right in their public employment, and appellee acted

without "color of right" in taking their property, thus entitling them to injunctive relief. Citing a Fifth Circuit opinion, cases involving intangible rights such as a perfected security interest, and "the Kress document," a written exegesis of appellee's personnel and disciplinary procedures prepared by an assistant city attorney for other litigation, appellants contend they enjoy a property interest in their public employment. Appellants urge us to apply article I, section 17 of the Texas Constitution to find appellee took their property. Additionally, appellants complain appellee raised inconsistent positions in the trial court when it argued both that it had no contract with appellants and that it did not take their property because its relationship with them was contractual.

The Texas Constitution provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made...." TEX. CONST. art. I, § 17. The Constitution further provides that, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." *Id.* § 19. Sovereign immunity does not shield governments from claims for taking a person's property in violation of the State Constitution. *See Holland,* 221 S.W.3d at 643.

Initially, appellee responds, and we agree, that appellants did not raise a "takings" claim in the trial court. Appellants' third amended petition uses the protected property and takings argument only to argue for a waiver of sovereign immunity on appellants' contract claim.

 Furthermore, even if appellants had raised a "takings" claim directly, they concede that there is no Texas authority acceding to the proposition that the Texas Constitution protects as property an employee's interest in public employment. To the contrary, appellate courts have refused the interpretation appellants seek. *See De Mino v. Sheridan,* 176 S.W.3d 359, 368–69 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Bates v. Tex. State Tech. Coll.,* 983 S.W.2d 821, 826 n. 8 (Tex.App.-Waco 1998, pet. denied), *overruled on other grounds, Tooke v. City of Mexia,* 197 S.W.3d 325, 342 (Tex.2006) (collecting cases).

Additionally, even if we accepted appellants' asserted property interest in their employment, adopting their position under these facts would require us to extend the doctrine beyond even those authorities they cite. Appellants rely foremost upon *Muncy v. City of Dallas,* 335 F.3d 394 (5th Cir.2003). In *Muncy,* the Fifth Circuit considered the contentions of former deputy police chiefs, demoted in a departmental reorganization, that they possessed a property interest in their chief-level positions. After noting the Texas presumption that employment is at-will, the Fifth Circuit opined that employment at-will could be altered by contract or "by express rules or policies limiting the conditions under which an employee may be terminated." *See Muncy,* 335 F.3d at 398.

In evaluating the former deputy chiefs' position, the Fifth Circuit opined that there was "no contract or similarly mutual understanding with the City from which the putative property interest might stem." *See id.* The Fifth Circuit rejected the chiefs' claims, but stated, in dicta, that lower-ranking employees enjoyed property rights to due process before discharge under various city documents, including the "Kress document." *See id.* at 401–02.

Appellants contend *Muncy* establishes their property interest that was taken when appellee allegedly violated its written rules and procedures. Initially, we note

that *Muncy's* pronouncement regarding the lack of a contract between appellee and its employees comports with our conclusion on appellants' first two issues. We further note that *Muncy* and "the Kress Document" discuss modifying at-will employment to provide employees with protection against arbitrary termination of their employment.

In contrast to *Muncy* and other authorities addressing property interests in public employment, appellants seek to assert their interest in promotions, rather than terminations. Appellants were promoted to senior fire prevention officer as soon as they met the criteria they advance as necessary for promotion. We conclude appellants have not shown that they have any constitutionally protected property interests at stake in this litigation. *Cf. Haynes v. City of Beaumont*, 35 S.W.3d 166, 179–80 (Tex.App.-Texarkana 2000, no pet.) (concluding employee handbook providing detailed termination procedure does not create contract or protected property interest in continued employment); *Byars*, 910 S.W.2d at 524 (concluding city charter and personnel policies manual outlining grievance procedures did not create protected property interest in continued public employment).

Turning to appellants' complaint about the inconsistency of appellee's contract arguments, we observe that in both the trial court and on appeal, appellee argues that it has no contract with appellants, but in the event the trial or appellate court disagrees, it raises alternative contentions for why the trial court lacks jurisdiction despite the existence of a contract. We do not interpret appellee's contentions as conceding the existence of a contract between the parties. We conclude there is nothing untoward in appellee arguing its alternative positions. Furthermore, we note that after complaining about appellee arguing

in the alternative, appellants engage in the same strategy when they offer reasons why the trial court should have rejected appellee's argument "if [appellee] is permitted to assert this inconsistent theory...."

Although appellants do not appear to raise their article I, section 19 claim in their issues on appeal, the claim is addressed in the argument sections of both parties' briefs. For the same reasons we rejected appellants' section 17 contentions, we must likewise reject their contentions under section 19. Because appellants have received the promotions for which they have qualified, without effect from the transfers at issue, any deprivation they will suffer must, necessarily, involve speculative, future promotions. Appellants' claims of damages necessarily concede that future promotional opportunities are limited and, therefore, not automatic. Appellants cite no authority extending their alleged property interest to speculative, future promotions, and, in the absence of any authority, we decline to extend the reach of section 19 to encompass the property interest appellants seek to protect. *See Byars*, 910 S.W.2d at 522–24 (concluding because public employee had no property interest in continued public employment, no due process rights attached). We overrule appellant's fifth, sixth, and seventh issues.

 In their ninth issue, and in subsidiary points in their first and third issues, appellants contend the trial court erred in not allowing them an opportunity to amend their pleadings or seek legislative consent to sue. We conclude the trial court did not err.

The trial court sustained appellee's special exception to appellants' failure to plead a waiver of sovereign immunity. Appellants then filed three, successive amended pleadings. After each of the first two

amendments, appellee supplemented its plea to the jurisdiction to assert appellants' continued failure to plead a valid waiver of governmental immunity. No evidence in the record shows appellants sought legislative consent to sue. Because appellants already had multiple opportunities to re-plead a waiver of immunity, and because the nature of their employment with appellee does not give rise to a contractual waiver of immunity as contemplated by section 271.152, we conclude the trial court did not err in proceeding to judgment without granting them yet another opportunity to amend their pleadings or seek legislative consent. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (no remand for amending pleading where plaintiff could not plead any additional facts that would overcome defendant's sovereign immunity and made no effort to seek legislative consent); *Reata*, 197 S.W.3d at 378 (upholding dismissal of claim without additional opportunity to re-plead where party failed to demonstrate waiver of immunity after twice repleading in response to special exceptions). We overrule appellant's ninth issue and those portions of issues one and three raising the right to amend.

We affirm the trial court's order granting the plea to the jurisdiction.