

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00253-CV

## IN THE INTEREST OF I.D.C., A CHILD

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 50144

## MEMORANDUM OPINION

Appellant C.C. appeals the Final Order in Suit Affecting the Parent-Child Relationship that appointed an unrelated individual, C.S., as sole managing conservator of C.C.'s daughter, I.D.C. C.C.'s parental rights to I.D.C. were terminated in a separate proceeding in Cause Number CV315-7 filed in the 66th District Court of Hill County, Texas. Cause Number CV315-7 was a private termination filed by C.S. We affirmed the termination. *See In re I.D.C.*, No. 10-18-00092-CV, 2018 WL 6216516 (Tex. App.—Waco Nov. 28, 2018, no pet.). The present appeal from Cause Number 50144 arises out of an action initiated by the Department of Family and Protective Services due to allegations of neglect on the part of I.D.C.'s mother.

By previous order, we directed C.C. to show cause why this appeal should not be dismissed as moot because his parental rights to I.D.C. were terminated in Cause Number CV315-7. C.C. has filed a response but presents nothing to persuade us that this appeal is not moot.

C.C. asserts that "no court had jurisdiction to enter any order or to take my kids in the first place." Assuming, *arguendo*, that the trial court may have somehow lost jurisdiction in Cause Number 50144, nothing that occurred in that case led to the termination of C.C.'s parental rights to I.D.C. The order of termination in Cause Number CV315-7 was independent of any action taken in Cause Number 50144. The only "punitive" actions taken against C.C. in Cause Number 50144 were requirements for supervised visitation, parenting classes, and drug testing, and the trial court named C.S. managing conservator of I.D.C. rather than C.C.'s mother. Even if Cause Number 50144 were remanded to the trial court for further action, C.C.'s parental rights to I.D.C. could not be restored.

Appellate courts lack jurisdiction to decide moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *In re J.R.*, 501 S.W.3d 738, 750 (Tex. App.—Waco 2016, no pet.). "An issue is moot if either party seeks a judgment on a controversy that does not really exist or a party seeks a judgment which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Seals v. City of Dallas*, 249 S.W.3d 750, 754 (Tex. App.—Dallas 2008, no pet.) (citing *Young v. Young*, 168 S.W.3d 276, 287 (Tex. App.—Dallas 2005, no pet.)); *see also Wassmer v. Hopper*, 463 S.W.3d 513, 527-28 (Tex. App.—El Paso 2014, no pet.). "[A] suit can become

moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166-67 (Tex. 2012). If a proceeding becomes moot, the court must dismiss the proceeding for want of jurisdiction. *See In re J.R.*, 501 S.W.3d at 750.

As this appeal is moot, we dismiss it for want of jurisdiction.

C.C. has filed numerous documents with this Court that appear to be copies of motions for various types of relief filed in the trial court. The only document that is directed specifically at this Court is a Motion to Abate Appeal, to Appoint Counsel filed on October 26, 2020, which is denied.

MATT JOHNSON
Justice

Before Chief Justice Gray,*
     Justice Neill, and
     Justice Johnson
Appeal dismissed; motion denied
     *(Chief Justice Gray dissents. A separate opinion will not issue.)
Opinion delivered and filed April 21, 2021
[CV06]

