**DISMISS and Opinion Filed December 22, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00737-CV

## NEWSOM, TERRY & NEWSOM, LLP AND STEVEN K. TERRY, Appellants
## V.
## HENRY S. MILLER COMMERCIAL COMPANY, Appellee

### On Appeal from the 134th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-09-01306-G

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Smith

This appeal challenges the trial court's June 28, 2022 order compelling post-judgment discovery in aid of enforcement of a superseded judgment. The superseded judgment was the subject of appellate cause number 05-20-00379-CV ("the main appeal"), and appellants also challenged the appealed order here in that appeal by way of a motion for review under Texas Rule of Appellate Procedure 24.2 and petition for writ of injunction.

At appellants' request, we abated this appeal pending disposition of the main appeal. On September 29, 2022, after our opinion and judgment in the main appeal

issued reversing the superseded judgment,[1] we reinstated this appeal. We noted, in our order reinstating the appeal, that we had denied as moot the motion for review and petition for writ of injunction in the main appeal in light of that appeal's disposition. *See Seals v. City of Dallas*, 249 S.W.3d 750, 754 (Tex. App.—Dallas 2008, no pet.) (issue becomes moot when controversy no longer exists). And, because that appeal's disposition appeared to moot this appeal as well, we ordered appellants to show cause why this appeal should not be dismissed for want of jurisdiction. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies.").

In response, appellants do not dispute that our opinion and judgment in the main appeal moot this appeal, but they observe that our mandate in that appeal has not yet issued and ask that we abate this appeal again until the "outcome" in the main appeal becomes final in our Court or, should a petition for review be filed in the Texas Supreme Court, until it becomes final there. We note that our plenary power over the main appeal has expired and, to that extent, the "outcome" in the main appeal has become final in our Court even though our mandate has not yet issued. *See* TEX. R. APP. P. 19.1 (establishing timeframe for expiration of appellate court's plenary power); *see also id.* 18.1 (establishing timeframe for issuance of mandate). We decline to abate this appeal any further.

---

[1] *See Newsom, Terry & Newsom, LLP v. Henry S. Miller Commercial Co.*, 05-20-00379-CV, 2022 WL 3908542, *1 (Tex. App.—Dallas Aug. 31, 2022, no pet. h.).

Because the appeal has become moot, we dismiss it for want of jurisdiction.
*See id.* 42.3(a).

/Craig Smith/
_____
CRAIG SMITH
JUSTICE

220737F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NEWSOM, TERRY & NEWSOM, LLP AND STEVEN K. TERRY, Appellants

No. 05-22-00737-CV     V.

HENRY S. MILLER COMMERCIAL COMPANY, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-09-01306-G.

Opinion delivered by Justice Smith, Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Henry S. Miller Commercial Company recover its costs, if any, of this appeal from appellants Newsom, Terry & Newsom, LLP and Steven K. Terry.

Judgment entered December 22, 2022.

–4–