**Dismissed and Opinion Filed December 4, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00653-CV

**JEFFREY LONGINO, GERALYNN LONGINO,
AND ALL OTHER OCCUPANTS, Appellants
V.
ITAY SHARONI, Appellee**

**On Appeal from the County Court at Law No. 3
Collin County, Texas
Trial Court Cause No. 003-01063-2022**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Breedlove

This is an appeal of a forcible detainer case. The trial court granted final judgment in favor of lessor Itay Sharoni against lessees Jeffrey Longino and Geralynn Longino. In two issues, the Longinos challenge the trial court's jurisdiction and contend that the final judgment is void. Sharoni, in turn, has challenged this Court's jurisdiction and has moved to dismiss this appeal. We conclude the trial court had subject matter jurisdiction, but we lack subject matter jurisdiction to decide the parties' merits-based issues because those issues are moot. Accordingly,

we grant Sharoni's motion to dismiss, dismiss the appeal as moot, and vacate the underlying judgment.

## BACKGROUND[1]

Sharoni owns real property located at 3801 Anatole Ct., Plano, Texas 75075 (the Property). On January 26, 2021, the parties entered into two agreements. Under the first, a residential lease, the Longinos agreed to lease the Property for six months. Under the second, an option to purchase the Property, Sharoni granted the Longinos the right to purchase the Property at any time during the same six-month period. The contracts commenced on February 1, 2021, and terminated on August 1, 2021. The option to purchase was explicitly contingent on the Longinos remaining current on their monthly rent.

The Longinos had paid only one month's rent when, in March 2021, they were forced to vacate the Property due to damage caused by Winter Storm Uri. They returned to the Property approximately two-and-a-half months later, in late April or early May 2021, but did not pay any further rent. They remained there until they were evicted by a peace officer on August 22, 2022, over a year after the lease expired.

---

[1] The facts of this case are well-known to the parties; therefore, we include only those facts which are relevant to the issues on appeal. *See* TEX. R. APP. P. 47.1.

Sharoni filed suit to evict the Longinos in Justice of the Peace Court Precinct 3 in Collin County. After a trial on April 22, 2022, Sharoni was awarded possession of the Property. The same day, the Longinos appealed for a trial *de novo* in County Court at Law 3 in Collin County. After a trial on June 20, 2022, the trial court affirmed the decision of the Justice of the Peace Court and made the following findings:

1. The defendants entered into a lease with an option to purchase effective February 1, 2021, for the property located at 3081 [sic] Anatole Ct., Plano, Texas 75075.

2. The option to purchase was conditioned upon the defendants being in compliance with the terms of the lease agreement.

3. The defendants made one payment for the month of February, 2021, and did not make another payment.

4. The defendants were excused from making payments for the months of March and April of 2021, due to being displaced from the home because of the ice storm.

5. The defendants are guilty of forcible detainer.

6. The defendants are liable to the plaintiff for unpaid rent in the amount of $2,450.00 per month from March 1, 2021 to today.

7. The defendants are entitled to an offset for the months of March and April of 2021 ($4900).

8. The defendants are entitled to a credit for monies paid for the option of $6,500.

9. Plaintiff is holding a security deposit of $4,500 from the defendants.

10. Plaintiff is entitled to a judgment in the amount of $27,800 after all just and lawful offsets and credits. (May 2021 rent through June 2022, less $6,500).

11. The Plaintiff is entitled to possession of the premises.

The County Court at Law also awarded Sharoni $27,800 in damages, the right to immediate possession of the Property, and costs of court. The Longinos then filed this appeal on June 27, 2022.

On October 17, 2023,[2] Sharoni filed a Partial Release of Judgment in the County Court at Law, releasing the monetary award and costs of court rendered by the court in its final judgment. On November 1, 2023, Sharoni filed a Motion to Dismiss Appeal in this Court, asserting that this Court lacks subject matter jurisdiction because the appeal is moot. On November 11, 2023, the Longinos filed their Objection to Sharoni's motion to dismiss. The Longinos argued there was a live controversy between the parties regarding the Longinos' right to current, actual possession of the Property because the trial court's judgment was void and the trial court lacked subject matter jurisdiction.[3]

## ISSUES ON APPEAL

Between the parties' briefs and Sharoni's Motion to Dismiss Appeal, there are a number of issues the parties request this Court to resolve. For clarity, we include a

---

[2] In the interim, this appeal was abated during the Longinos' bankruptcy proceedings.

[3] By letter of April 2, 2024, we informed the parties that Sharoni's motion to dismiss was deferred to the submissions panel for resolution with the appeal.

summary of the issues asserted by each party here. The Longinos bring two issues on appeal:

(1) Did the right to immediate possession necessarily require the resolution of a title dispute, such that the county court at law was deprived of subject matter jurisdiction to adjudicate a forcible detainer case?

(2) Was the final judgment defective and void because the judgment awarded Sharoni possession to the premises located at 3081 Anatole Ct. when the actual address of the subject property at issue is 3801 Anatole Ct.?[4]

Sharoni brings five issues on appeal[5]:

(1) Is the Longinos' request for this Court to "determine that the Appellant has a potentially meritorious claim of right to current, actual possession of the premises and/or monetary damages . . ." a non-justiciable declaratory judgment request due to a lack of subject matter jurisdiction?

(2) Is the issue of damages nonjusticiable due to mootness because of the Partial Release of Judgment?

(3) Is the issue of possession nonjusticiable due to mootness?

(4) Did the lower court properly enter the judgment with regard to the issue of the alleged title dispute?

---

[4] Sharoni does not address the typographical error in the Final Judgment on appeal or otherwise respond to the Longinos' contention that the Final Judgment is void because it includes the incorrect house number.

[5] Although Sharoni does not bring a cross-appeal, we are authorized to consider Sharoni's issues on appeal. *See Dean v. Lafayette Place (Section One) Council of Co–Owners, Inc.*, 999 S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("If an appellee is satisfied with the relief granted by the trial court, but merely wants to present additional, independent grounds for affirming the trial court's judgment, no notice of appeal is required. The independent grounds for affirmance can be raised in a cross-point as long as the appellee is not requesting greater relief than that awarded by the trial court."). Further, while there are slight differences between Sharoni's issues as framed in his Motion to Dismiss Appeal and his brief on appeal, the substance of the issues is the same; therefore, we do not distinguish between them.

(5) Did the lower court properly enter the judgment with regard to the residual issues of (not awarding) attorney's fees and the security deposit?

Because both Sharoni and the Longinos raise issues that implicate this Court's jurisdiction, we address those first. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (courts must address questions of subject matter jurisdiction at the "earliest opportunity" to do so).

## STANDARD OF REVIEW AND APPLICABLE LAW

Subject-matter jurisdiction is essential to the court's power to decide a case. *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015). The existence of subject-matter jurisdiction is a question of law that we review de novo. *Id.*

Chapter 24 of the Texas Property Code grants justice courts "jurisdiction in eviction suits," including suits for forcible entry and detainer and forcible detainer. TEX. PROP. CODE ANN. § 24.004(a). Eviction suits are designed to provide "a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises." *Westwood Motorcars, LLC v. Virtuolotry, LLC,* 689 S.W.3d 879, 883 (Tex. 2024) (quoting *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)); *see also Miller v. Miller*, No. 05-21-00422-CV, 2022 WL 1260183, at *2 (Tex. App.—Dallas Apr. 28, 2022, no pet.) (mem. op.) (pursuant to chapter 24 of the property code, "justice courts have exclusive jurisdiction to hear eviction

cases."). Eviction suits are limited in scope and effect, with the "sole focus" being "the right to immediate possession of real property." *Id.* (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017)); *see also Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) ("The only issue in a forcible detainer action is the right to actual possession of the premises.").

Texas Rule of Civil Procedure 510.3, which governs eviction cases, identifies "the right to actual possession" as the "[o]nly [i]ssue" in an eviction case and specifies that claims "not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction." TEX. R. CIV. P. 510.3(e). Section 24.008 of the Property Code states that "[a]n eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits." TEX. PROP. CODE ANN. § 24.008. The supreme court has concluded, then, that an eviction suit in justice court is "not exclusive, but cumulative, of any other remedy that a party may have," and matters beyond "the justice court's limited subject matter jurisdiction" may be brought in another "court of competent jurisdiction." *Virtuolotry, LLC*, 689 S.W.3d at 883 (quoting *McGlothlin*, 672 S.W.2d at 233).

**DISCUSSION**

**A.     This Court's Jurisdiction to Consider the Longinos' First Issue[6]**

Before considering the Longinos' first issue, we must address Sharoni's challenge to this Court's subject matter jurisdiction. *See Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226. Sharoni argues that, in substance, the Longinos are seeking a declaration that they have a potentially meritorious claim of right to current, actual possession of the Property. According to Sharoni, this issue was not litigated in the trial court, and, indeed, could not have been litigated because the justice of the peace court only had jurisdiction to consider forcible detainer actions, not declaratory judgment actions.

The Texas Supreme Court and the courts of appeals have long held that an appellate court's jurisdiction cannot exceed that of the lower court from which the appeal is taken. *See, e.g., Morrow v. Corbin*, 62 S.W.2d 641, 646 (Tex. 1933) (citing TEX. CONST. § 6 art. 5). As applicable here, when a forcible detainer case is brought in a justice of the peace court and appealed to a county court for a trial *de novo*, the county court exercises appellate jurisdiction, not original jurisdiction; therefore, the county court's jurisdiction in such a case only extends as far as the justice court from which the case originated. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415,

---

[6] This section corresponds to Sharoni's first issue.

433 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied)).

In a forcible detainer action such as the one underlying this case, the only issue is the right to actual and immediate possession of the premises. *See Marshall*, 198 S.W.3d at 785.[7] We look at the substance of a claimant's pleadings, not its form, to determine under what cause of action a claim sounds. *See Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021) (holding that although a party sought declaratory judgment, their dispute actually sounded in trespass-to-try-title and must be treated as such) (citing *Martin v. Amerman*, 133 S.W.3d 262, 268 (Tex. 2004)).

Sharoni's argument is premised on the Longinos' use of the word "determine" in their briefing. The Longinos request that this Court "*determine* that the Appellant has a potentially meritorious claim of right to current, actual possession of the premises." (Emphasis added). The substance of their brief makes clear, however, that by making this request, the Longinos are seeking reversal of the lower court's holding that Sharoni, not the Longinos, has a right to actual, current possession of the Property. Despite their use of the word "determine," the Longinos do not make a specific request for declaratory relief or any citation to authorities concluding that

---

[7] In a trial *de novo* on appeal to the county court, the parties are also permitted to plead, prove, and recover damages suffered by withholding or defending possession of the premises during the pendency of the appeal. TEX. PROP. CODE § 24.007; *see also Hong Kong Dev., Inc.*, 229 S.W.3d at 434–35 (detailing types of damages allowed to be recovered in forcible detainer cases, relying rule of civil procedure 752, the predecessor of property code § 24.007).

declaratory relief would be appropriate; therefore, it does not appear that the Longinos intended to seek declaratory judgment. We conclude that this Court has jurisdiction to consider the Longinos' first issue because it was within the jurisdictions of the lower courts to do so. *See id.; see also Morrow*, 62 S.W.2d at 646. We overrule Sharoni's first issue.[8]

## B. The Trial Court's Jurisdiction to Consider the Underlying Dispute[9]

We next turn to the question of the trial court's jurisdiction. In their first issue, the Longinos argue that the trial court never had subject matter jurisdiction in the underlying case because the right to immediate possession of the Property necessarily required the resolution of a title dispute, which is outside the scope of the Justice of the Peace court's—and therefore the County Court at Law's—jurisdiction. *See Marshall*, 198 S.W.3d at 785.

For the reasons we discuss below, we conclude that the trial court had jurisdiction because (1) it was not required to resolve title issues in order to determine the right to immediate possession of the premises; (2) the Longinos failed to preserve their arguments that they own an equitable interest in the property and that they are entitled to a lien under property code §§ 91.004 and 5.084; and (3) there

---

[8] Further, we note that even if we ultimately conclude that the lower court did not have jurisdiction over this case as the Longinos assert in their first issue, we would still have jurisdiction to consider their first issue because an appellate court "always has jurisdiction to determine its own, and the lower courts', jurisdiction." *Abbott v. Mexican Am. Legis. Caucus*, 647 S.W.3d 681, 699 (Tex. 2022).

[9] This section corresponds to the Longinos' first issue and Sharoni's fourth issue.

is no evidence to support the Longinos' contention that they exercised their option to purchase the Property.

A justice court has exclusive jurisdiction to hear eviction cases where the issue of immediate possession of the property is not intertwined with title issues. *Barch Ints. LP v. TitleMax of Tex., Inc.*, No. 05-24-00143-CV, 2024 WL 4432323, at *3 (Tex. App.—Dallas October 7, 2024, no pet. h.) (mem. op.) (citing *Miller*, 2022 WL 1260183, at *2. However, a justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute, but rather is deprived of jurisdiction only if "the right to immediate possession necessarily requires the resolution of a title dispute." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (citing *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Thus, we must determine whether the right to immediate possession in this case depended upon a resolution of a title dispute.

The Longinos argue that the trial court was required to determine questions of title in order to render its judgment. In its judgment, the trial court characterized $6,500 as "monies paid for the [O]ption" and $4,500 as a "security deposit." The Longinos contend that to make these characterizations, the trial court first had to find that the $11,000 paid by the Longinos to Sharoni did not constitute an equitable interest in the Property. They argue that this finding required the trial court to

–11–

interpret conflicts between the Lease Agreement and the Option and Acknowledgment Agreements, including whether the $11,000 the Longinos paid to Sharoni constituted an assignment fee or an equitable interest in the Property. The Longinos further argue that the Property was clouded by a lien owned by a prior tenant as a result of a judgment the tenant received after Sharoni wrongfully withheld her security deposit, and that the Longinos should also have been afforded a lien on the Property to secure payment of damages pursuant to property code §§ 91.004[10] and 5.084[11].

Sharoni responds that in this case, there is no title dispute to resolve at all, much less a need to determine how intertwined a title dispute is with the forcible detainer action. In support of this argument, Sharoni cites page 14 of the Longinos's brief, asserting that the "option [to purchase] was never assigned" as the Longinos' admission that they merely had a conditional option to purchase, which they did not exercise, and that any attempt to exercise such option would have been fruitless

---

[10] Section 91.004 reads as follows:

> (a) If the landlord of a tenant who is not in default under a lease fails to comply in any respect with the lease agreement, the landlord is liable to the tenant for damages resulting from the failure.

> (b) To secure payment of the damages, the tenant has a lien on the landlord's nonexempt property in the tenant's possession and on the rent due to the landlord under the lease.

[11] Section 5.084 states: "If a seller is liable to a purchaser under this subchapter, the purchaser, without taking judicial action, may deduct the amount owed to the purchaser by the seller from any amounts owed to the seller by the purchaser under the terms of an executory contract."

because they defaulted on their lease agreement and the option contract was contingent on the Longinos remaining current on their lease. In support of this argument, Sharoni points to Mrs. Longino's testimony during trial that neither her nor her husband paid rent for the months of April through July 2021 as required under the lease, paired with the language in the Option that "[a]ll of the terms of the Lease Agreement must be complied with in order for th[e] Option to be valid."

The Longinos did not argue before the lower court that they owned an equitable interest in the Property by virtue of the $11,000 they paid to Sharoni or that they were entitled to a lien on the Property under either property code §§ 91.004 or 5.084. To preserve an issue for appeal, a party must make a timely, specific objection or motion in the trial court that states the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a) (stating prerequisites to presenting complaint for appellate review); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.") (citations omitted). During trial, the trial court explicitly asked the parties whether the $11,000 the Longinos paid to Sharoni should be credited to the Longinos. Sharoni's counsel responded that only $6,500 should be credited to the Longinos because the $4,500 was a security deposit Sharoni was entitled to retain. The Longinos' counsel did not respond at all much less object to

–13–

Sharoni's characterization of the $11,000. Therefore, the Longinos failed to preserve these arguments for appeal. *See* TEX. R. APP. P. 33.1(a).[12]

Without an equitable interest in the Property established through a lien as discussed above, the Longinos' only pathway to establish a valid title dispute based on the record before us is to present some evidence that they had successfully exercised their option to purchase the Property and therefore the landlord-tenant relationship was dissolved. *See Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.—Dallas 2006, no pet.) ("A forcible detainer action is dependent on proof of a landlord-tenant relationship.") (citing *Haith*, 596 S.W.2d at 196). The Longinos make no such argument. The Longinos also do not contend, and the record before us does not establish, that the sale of the Property was ever initiated. The record reflects only that the Longinos expressed interest in exercising the Option without meeting the Option's requirements for doing so. Specifically, the Longinos admit that they did not pay rent for the months of April 2021 through July 2021 as required by the lease.[13] Therefore, the evidence supports only the existence of a landlord-tenant

---

[12] However, we conclude that even if the Longinos had preserved this issue for appeal, it would not change the outcome of this issue. Section 91.004 applies only to tenants who are not in default and § 5.084 applies only to purchasers; the record before us demonstrates that the Longinos were neither. *See* TEX. PROP. CODE §§ 91.004, 5.084.

[13] The Longinos argue that their failure to fulfil the terms of the lease should be excused because Sharoni breached the lease first by allowing a lien on the Property, and, in the alternative, they seem to imply that the lease and/or option agreement were void to begin with because "a potential seller may not even execute an executory contract with a potential purchaser if the seller does not own the property in fee simple free from any liens or other encumbrances," citing § 5.085 of the property code. To the extent the Longinos intended to argue that the contract were void, we conclude they waived this argument both because they

relationship, not a buyer-seller relationship. *Cf. id.* at 201 (holding that the district court, not the justice of the peace court, had jurisdiction when there was some evidence that the parties' original landlord-tenant relationship had ended and a new buyer-seller relationship began).

The Longinos have not asserted a valid title dispute, so they cannot maintain a challenge to the subject matter jurisdiction of the lower court based upon the necessity of resolving a title dispute that they have not established exists. Because the right to immediate possession of the Property in this case did not depend upon the disposition of title issues, the trial court had subject matter jurisdiction over this case. *See Rice*, 51 S.W.3d at 709. We overrule the Longino's first issue.

## C.    Mootness[14]

Sharoni argues that even if this Court would otherwise have appellate jurisdiction over the case, this Court has lost its jurisdiction to decide the issue of possession because it is moot. In their Objection to Appellee's Motion to Dismiss Appeal, the Longinos argue that the appeal should not be dismissed because it raises

---

did not raise it before the trial court, *see* TEX. R. APP. P. 33.1(a), and because they failed to adequately brief the issue, see TEX. R. APP. P. 38.1(i). However, even if the issue were properly preserved and briefed, it would not change the outcome of our decision because the plain language of the Option requires that *all* of the terms of the Lease Agreement be complied with and does not condition that performance on the performance on the other party. *See Pathfinder Oil & Gas, Inc. v. Great Western Drilling, Ltd.*, 574 S.W.3d 882, 889 (Tex. 2019) ("[a] contract's plain language controls, not what one side or the other alleges they intended to say but did not.") (citations omitted).

[14] This section corresponds to Sharoni's third issue. We do not address Sharoni's second issue on whether the issue of damages is non-justiciable due to mootness because the Longinos did not assert a claim for monetary damages in the trial court and, despite a single line in the Conclusion of their brief referring to "monetary damages," do not argue that they are entitled to such. *See* TEX. R. APP. P. 47.1.

issues of the trial court's subject matter jurisdiction and argues that the Final Judgment is void.

An appellate court is prohibited from deciding a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). This prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions. *See Nat'l Collegiate*, 1 S.W.3d at 86. For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.) (citing *Pantera Energy Co. v. R.R. Comm'n of Tex.*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.)). If a case becomes moot, the parties lose their standing to maintain their claims. *Id.*

Generally, an appeal is moot when the court's action on the merits cannot affect the rights of the parties. *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993). A case on appeal is moot if: (1) there are no live controversies between the parties; and (2) any decision rendered by the appellate court would be an advisory opinion. *See Seals v. City of Dallas*, 249 S.W.3d 750, 754 (Tex. App.—Dallas 2008, no pet.) (citing *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988)); *cf. id.* (issue on appeal is moot if either: (1) a party seeks judgment on controversy that does not really exist; or (2) a party seeks judgment which, when

rendered for any reason, cannot have any practical legal effect on a then-existing controversy).

It is well-settled that the only issue in a forcible detainer suit is the right to actual possession of the premises. *See Marshall*, 198 S.W.3d at 785. As such, when a tenant vacates the property, the issue of possession becomes moot unless the tenant asserts a potentially meritorious claim for right to current, actual possession of the property. *See id.* at 787 (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)) (case becomes moot if controversy ceases to exist between parties). When the tenant vacates the property while the suit is on appeal and the judgment awards no damages, the entire case, and not just the issue of possession or appeal, becomes moot and the judgment must be vacated. *See id.* at 785.

Here, the County Court at Law awarded damages to Sharoni in the amount of $27,800; however, Sharoni filed a release of his claim for monetary damages. "The unconditional release of a judgment operates as a total relinquishment of all the creditor's rights in the judgment and a complete discharge of the debt created by the judgment." *Toyota Motor Sales, U.S.A., Inc. v. Reavis*, 627 S.W.3d 713, 740 (Tex. App.—Dallas 2021, pet. granted, judgm't vacated w.r.m.) (citing *Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). Any controversy regarding any portion of damages subject to an unconditional release becomes moot. *Id.* Therefore, the Longinos are precluded from

appealing any issues related to the monetary judgment in this case, and to the extent they have intended to do so, those issues are moot. *See id.*

It is undisputed that the Longinos have vacated the Property; therefore, the appeal is moot as to the issue of possession unless they assert a potentially meritorious claim for right to current, actual possession of the Property. *See Marshall*, 198 S.W.3d at 787. The record before us establishes that although the Longinos expressed a desire to exercise their option to purchase, they were not current on their rental payments. Because the option contract was expressly conditional on the Longinos being current on their rental payments, the Longinos could not, and did not, successfully exercise their option to purchase the Property.[15] The record also establishes that the lease term expired on August 1, 2021. Further, the record does not establish that the Longinos attempted to exercise their option. Therefore, the Longinos cannot establish that they have a potentially meritorious claim for right to current, actual possession of the Property, making the appeal moot. *See id.*

---

[15] In the County Court at Law, the Longinos argue that they had every intention of becoming current with their rent obligations through the use of funds provided by a rental assistance program operated by Catholic Charities but were prevented from doing so by Sharoni's unwillingness to participate in the program. Although not expressly addressed on appeal, we note that this argument is similarly unavailing because the Longinos's obligation to pay rent was not optional, but Sharoni's participation in the rental assistance program was. *See Fifty-Third Emergency Order Regarding the COVID-19 State of Disaster*, 660 S.W.3d 101, 102 (Tex. 2022), effective June, 20, 2022 through September 1, 2022 (requiring courts in eviction cases to inquire "whether [landlord or tenant] are *interested* in participating in an available rental assistance program" (emphasis added)).

–18–

Because no live controversy remains between the parties, we have no jurisdiction over the case. *See Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022) (holding that a case becomes moot when live controversy ceases to exist, and courts lack subject matter jurisdiction over moot controversies). Because we have no subject matter jurisdiction in this case, we do not address the Longinos's second issue or Sharoni's fifth issue and must dismiss the appeal as moot. *See id.* We also vacate the underlying judgment. *See Marshall*, 198 S.W.3d at 788–89 (vacating underlying judgment in a forcible detainer appeal when the case became moot during the pendency of the appeal to prevent prejudice to the rights of the parties when appellate review of a judgment on its merits is precluded) (citing *Danciger Oil & Ref. Co. v. R.R. Comm'n*, 122 Tex. 243, 56 S.W.2d 1075, 1076 (1933); *see also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–25 (1994) (noting that vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court).

## CONCLUSION

Because we conclude this Court does not have jurisdiction to address the parties' merits-based issues on appeal, we grant Sharoni's Motion to Dismiss Appeal, dismiss this appeal as moot, and vacate the underlying judgment.

220653f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEFFREY LONGINO, GERALYNN LONGINO & ALL OTHER OCCUPANTS, Appellants

No. 05-22-00653-CV          V.

ITAY SHARONI, Appellee

On Appeal from the County Court at Law No. 3, Collin County, Texas Trial Court Cause No. 003-01063-2022.
Opinion delivered by Justice Breedlove. Justices Molberg and Kennedy participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction. It is **ORDERED** that the underlying judgment is vacated.

It is further **ORDERED** that appellee ITAY SHARONI recover his costs of this appeal from appellants JEFFREY LONGINO, GERALYNN LONGINO & ALL OTHER OCCUPANTS.

Judgment entered this 4th day of December, 2024.